[No. 1483. Decided April 11, 1895.]

CHARLES MORATH, *Appellant*, v. GORHAM & CLEMANS *et al., Respondents.*

COUNTIES — APPEAL FROM ALLOWANCE OF CLAIMS.

An appeal from the order of the board of county commissioners can be prosecuted only by one who was a party to the proceedings before the board.

*Appeal from Superior Court, Snohomish County.*

*John W. Frame,* for appellant.

*Bell & Austin,* for respondents.

The opinion of the court was delivered by

ANDERS, J.— Gorham & Clemans, publishers of the Snohomish *Tribune,* presented a claim to the county commissioners of Snohomish county for publishing a delinquent tax list. Their account and claim was audited and allowed by the commissioners, whereupon one Charles Morath, a resident tax-payer of the county, conceiving himself aggrieved by the order and decision of the commissioners, appealed therefrom to the superior court of Snohomish county. His appeal was dismissed by the court on motion of counsel for Gorham

& Clemans "on the ground and for the reason that the said Charles Morath was not a party interested in said matter before the board of county commissioners, and had no right under the law or as a matter of fact, to take said appeal," and he thereupon appealed to this court.

It is not claimed or pretended by appellant that he was a party to the proceedings before the county commissioners, or interested therein otherwise than as a citizen and tax-payer, but he contends that he had a right to appeal from the order of the board of county commissioners by virtue of the statute which provides that "any person may appeal from any decision or order of the board of county commissioners to the superior court of the proper county." Laws 1893, p. 292.

The language of this portion of the statute, if literally construed, might afford some suggestion for appellant's contention; but when considered and construed in connection with the remaining portions of the section, and in the light of established principles of procedure, it becomes apparent that the position of appellant is utterly untenable. The argument of appellant is that he is a taxpayer of Snohomish county, and interested in the disbursement of the public money, and, as such, has a right to prosecute his appeal; but the statute does not say that any taxpayer may appeal, and the courts have no right to interject such a provision into it. The legislatures of Montana and Idaho have provided that, under certain circumstances, any taxpayer may appeal from the order of the board of county commissioners allowing a claim against the county; but neither these statutes, nor the decisions based thereon and cited by appellant, are applicable here. A literal construction of this part of our statute

would compel us to hold that any man or woman in the county, or state, or elsewhere, may appeal, in cases like this, regardless of his or her relation to the matter in controversy; and we do not think the legislature intended for a moment to confer such an unlimited and universal right of appeal.

It is a generally understood proposition of law, and presumably within the knowledge of the legislature when they enacted this section, that no one but a party to an action or proceeding can prosecute an appeal from a judgment or decision therein. Hayne, New Trial and Appeal, ch. 31. And we must presume that when the legislature said any person may appeal, they meant any person who has properly presented a matter before the board for their determination, and who is dissatisfied with their decision. The same section provides that —

"Such appeal shall be taken within twenty days after such decision or order, and the party appealing shall within said period serve notice on the county commissioners that the appeal is taken; which notice shall be in writing and shall be delivered to at least one of the county commissioners personally, or left with the clerk of the board. The party appealing shall within ten days after the service of the notice of appeal give a bond to the county, with one or more sureties, to be approved by the clerk of the board, conditioned for the payment of all costs which shall be adjudged against him on such appeal in the superior court."

This plainly contemplates but two parties; the county, represented by the commissioners, and the appealing party. The appealing party must give the notice of appeal. But here the person appealing was not a party at all, in contemplation of law. He was a mere outsider, and a stranger to the proceedings. Of course, the commissioners could not appeal from their own

order, and the other party was satisfied with their decision. The matter before the board was, therefore, settled so far as the right to appeal was concerned.

We can see nothing in the statute, as a whole, which would warrant the conclusion that a person not directly interested in a matter before a board of county commissioners, may appeal from their order or decision in respect thereto. Under a statute of Arkansas, providing that "appeals shall be granted from all orders or judgments of the county court, making allowances or refusing to make allowances to any individual or individuals made in the county court," the supreme court of that state held, in *Chicot County v. Tilghman*, 26 Ark. 461, that the appeal therein contemplated only extended to such persons as had an interest in a claim against the county and felt aggrieved by the allowance or rejection of their demand; and did not refer to citizens of the county not interested in the allowance of the claim. We think that decision is correct, and that it is in point here.

The judgment is affirmed, with costs.

HOYT, C. J., and SCOTT, DUNBAR and GORDON, JJ., concur.