[No. 1782.    Decided July 26, 1895.]

CHARLES L. LAWRY, *Appellant*, v. THE BOARD OF COM-
MISSIONERS OF SNOHOMISH COUNTY *et al.*, *Respond-*
*ents*.

APPEAL FROM COUNTY COMMISSIONERS — REMOVAL OF COUNTY SEAT.

An appeal to the superior court will not lie from a decision or
order of the board of county commissioners in the matter of the re-
moval of the county seat.

*Appeal from Superior Court, Snohomish County.*

*Sapp & Lysons*, and *S. H. Piles*, for appellant.

*P. C. Sullivan*, and *Francis H. Brownell*, for respond-
ents.

The opinion of the court was delivered by

ANDERS, J.— As stated in the brief of appellant, the
only question for discussion and determination in this
case is, will an appeal lie from a decision or order of
the board of county commissioners with respect to the
removal of the county seat.

The respondent is a resident and taxpayer of Sno-
homish county and, as such, undertook to prosecute an
appeal from an order of the board of county commis-
sioners of that county, declaring the result of an elec-
tion to remove the county seat, and from an order
requiring the removal of the county offices to the place
designated by the board.    The superior court dis-
missed the appeal on motion of the defendants, on
the ground that the resolution and order complained
of were not appealable.    In so doing the appellant
contends the court erred.    He insists that he had an
unquestionable right to appeal, under the act of March
11, 1893 (Laws 1893, p. 291), which provides that "any

person may appeal from any decision or order of the county commissioners to the superior court of the proper county." This language is very broad and general, and if it must be literally construed, his contention must necessarily prevail. But we do not think it should be so construed. If any person may appeal from any decision or order, every person may appeal, and we think there must be a limit somewhere. In reference to this provision, it was said by this court in *Morath v. Gorham*, 11 Wash. 577 (40 Pac. 129), that:

" A literal construction of this part of our statute would compel us to hold that any man or woman in the county or state, or elsewhere, may appeal  . . . regardless of his or her relation to the matter in controversy, and we do not think the legislature intended, for a moment, to confer such an unlimited and universal right of appeal.  It is a generally understood proposition of law, and presumably within the knowledge of the legislature when they enacted this section, that no one but a party to an action or proceeding can prosecute an appeal from a judgment or decision therein. Hayne, New Trial and Appeal, Ch. 31.  And we must presume that when the legislature said 'any person may appeal,' they meant any person who has properly presented a matter before the board for their determination, and who is dissatisfied with their decision."

This whole statute must be read together in order to ascertain the legislative intention, and when so read it will be manifest that it was only intended to give the right of appeal to parties to ordinary proceedings before the board, or to persons directly interested therein. The words "party appealing" are used several times in that portion of the act prescribing the manner of taking the appeal, which strongly tends to show that it was the intention that the person who appeals must be, in some way, a party to the matter in controversy.

But in this case there are special reasons for holding that no appeal will lie from the order complained of. By the statute relating to the removal of county seats, duties are cast upon the board of county commissioners which are separate and distinct from their ordinary and usual duties. In discharging them, it acts as the representative or agent of the legislature, by virtue of a special statute enacted for the sole purpose of clothing it with special powers, and which provides for no appeal. We think the general appeal act refers only to the usual proceedings of the board and not to special proceedings under a special statute for a special purpose.

The right of appeal is a statutory right, and not having been given by the statute in this instance, we are of the opinion that it was the intention of the legislature that there should be no appeal from the proceedings of the board of county commissioners in the matter of the removal of a county seat. And the same doctrine has been announced by other courts in cases like this and in others involving similar questions. *Bosley v. Ackelmire,* 39 Ind. 536; *Board of Com'rs v. Smith,* 40 Ind. 61; *Ex parte Towles,* 48 Tex. 413; *Bowersox v. Watson,* 20 Ohio St. 496; *Fulkerson v. Stevens,* 31 Kan. 125 (1 Pac. 261).

The judgment is affirmed.

HOYT, C. J., and DUNBAR, SCOTT and GORDON, JJ., concur.