[No. 30476. Department One. August 26, 1948.]

THE STATE OF WASHINGTON, *on the Relation of B. W. Lyon, Respondent,* v. THE BOARD OF COUNTY COMMISSIONERS OF PIERCE COUNTY *et al., Appellants.*[1]

[1]Reported in 196 P. (2d) 997.

*Patrick M. Steele, Hardyn B. Soule, William N. Goodwin,* and *Robert D. Campbell,* for appellants.

*Burton W. Lyon, Jr.,* for respondent.

HILL, J.—The Pierce county commissioners created a planning commission for that county by virtue of the authority granted by chapter 44, p. 115, of the Laws of 1935 (Rem. Rev. Stat. (Sup.), §§ 9322-1 to 9322-12 [P.P.C. §§ 776-1 to 776-23]), and, by resolution No. 1650, dated April 17, 1944, established certain types of use districts and general zoning regulations for the purpose of promoting the public health, safety, morals, and general welfare.

On June 17, 1946, they created, by resolution No. 2187, highway-use districts and set forth what kinds of business could be operated within such districts. Taverns were not included, and it was provided that only such restaurants and eating establishments as do not serve beer, wine, or other intoxicating beverages could operate within a highway-use district.

On October 22, 1946, by resolution No. 2320, a limited area on both sides of state highway No. 5 between the city limits of Tacoma and Puyallup, generally known as the Puyallup river road, was zoned as highway-use district zone No. 23.

On April 28, 1947, the board of county commissioners, after a public hearing and on the recommendation of the county planning commission, refused to grant a petition for the removal of the zoning restrictions from highway-use district zone No. 23.

A few days later, on May 2, 1947, C. L. Van Bevers petitioned for a variance permit to operate a tavern in a building belonging to Martha Ellestad, located on state highway No. 5 within highway-use district zone No. 23. After a hearing thereon but without referring the matter to the county planning commission, the county commissioners granted the variance permit on May 20, 1947, there being one negative vote, that of Commissioner Harvey O. Scofield.

B. W. Lyon, a property owner within the highway-use district who had protested the granting of the variance permit, appealed to the Pierce county superior court from this decision of the board of county commissioners. Appellants C. L. Van Bevers and Martha Ellestad were each permitted to intervene.

After a hearing which the respondent states was not a trial *de novo* and the exact character of which is far from clear, there being no statement of facts and nothing to indicate what the court considered or what the procedure may have been, it was determined that the variance permit was

". . . unlawful and invalid for the reason that the County Commissioners do not have the power under the statute [Laws of 1935, chapter 44; Rem. Rev. Stat. (Sup.), §§ 9322-1 to 9322-12] to grant such variance permits . . . ,"

and for the further reason that the granting of the permit was arbitrary and capricious and without any factual justification.

From this determination, the board of county commissioners and the interveners, C. L. Van Bevers and Martha Ellestad, appeal to this court.

We have given a factual summary based on the findings of the superior court, so that the issues attempted to be presented by the litigants may be understood. On how the resolutions and the action of the county commissioners on April 28, 1947, to which the court below referred, were brought to its attention, the record is silent.

We would feel entirely justified in saying that we would refuse to consider this appeal because of the lack of any adequate record showing what transpired in the court below, were it not for the fact that it is apparent that the superior court for Pierce county had no jurisdiction to consider the respondent's appeal from the board of county commissioners. We are satisfied that the respondent here has mistaken his remedy, and that there was no right of appeal from the action of the board of county commissioners to the superior court, for the reason that the board was acting, or purporting to act, under the authority of a special

purpose statute. We have repeatedly held, beginning with *Lawry v. County Commissioners*, 12 Wash. 446, 41 Pac. 190, that the statute upon which the respondent relies for his right to appeal from the action of the board of county commissioners to the superior court, *i.e.*, Rem. Rev. Stat., § 4076 [P.P.C. § 480-43], refers only to the usual and ordinary proceedings of such boards and not to their proceedings under statutes conferring special powers for special purposes.

In the *Lawry* case, *supra*, the question for determination was whether an appeal to the superior court would lie from a decision or order of the board of county commissioners with respect to the removal of a county seat, and Judge Anders said:

"But in this case there are special reasons for holding that no appeal will lie from the order complained of. By the statute relating to the removal of county seats, duties are cast upon the board of county commissioners which are separate and distinct from their ordinary and usual duties. In discharging them, it acts as the representative or agent of the legislature, by virtue of a special statute enacted for the sole purpose of clothing it with special powers, and which provides for no appeal. We think the general appeal act refers only to the usual proceedings of the board and not to special proceedings under a special statute for a special purpose."

Within a year thereafter, the court had occasion to determine whether an appeal would lie from an order made by the board of county commissioners sitting as a board of equalization. After pointing out that the duties of the county commissioners, so far as the equalization of the assessment roll was concerned, were cast upon them by statute

". . . and had no connection with the powers and duties of such officers or board provided for in the acts relating to their general powers and duties . . . ,"

the court said:

"This being so, it could make no difference whether the decision in question was made by the board of county commissioners acting as a board of equalization, or by a

separate board. In either case the section contained in the general act relating to the powers and duties of the board of county commissioners and providing for an appeal therefrom could not apply to such decision. It was made in pursuance of an act providing in detail for the assessment and collection of taxes, and in that act must be found the right of appeal, if it exists. And the fact that the right to appeal from any decision is given in the act providing for the general duties and powers of the board of county commissioners can have no effect upon the decision required of such board by the act, upon this special subject." *Olympia Water Works v. Thurston County,* 14 Wash. 268, 272, 44 Pac. 267.

We again laid down the same rule in *Adams County v. Scott,* 117 Wash. 85, 200 Pac. 1112, where we held that the statute here relied upon, providing for appeals generally from the acts of the board of county commissioners, is inapplicable where the board acts under a special law for special purposes.

Again in *State ex rel. Klaas v. County Commissioners,* 140 Wash. 43, 248 Pac. 76, we held that the action of the county commissioners of Okanogan county in granting a franchise for a toll bridge could be reviewed by certiorari, because there was no right of appeal therefrom, and we said:

"The act authorizing the granting of such franchises does not of itself give any right of appeal from a decision of the board. The act imposes duties upon the county commissioners distinct from their ordinary and usual duties, and in discharging those duties, the board acts as a representative of the legislature by virtue of special statutes for a special purpose, and therefore the general statute with reference to appeals from decisions of the board of county commissioners, which refer only to the ordinary and usual proceedings of the board, do not apply here. [Citing cases.]"

There can be no question that chapter 44 of the Laws of 1935 (Rem. Rev. Stat. (Sup.), §§ 9322-1 to 9322-12), relating to city, town, county, and regional planning, imposes duties upon the county commissioners distinct from their ordinary and usual duties and is a special statute for a special purpose; and the conclusion is inescapable that the

general statute with reference to appeals from decisions of the board of county commissioners is inapplicable to the present case.

The conclusion that the respondent had no right of appeal from the action taken by the county commissioners in granting the variance permit, does not mean that he is without a remedy. In *Adams County v. Scott, supra,* after holding, as indicated, that there was no appeal from the action of the board of county commissioners where they were acting under a special statute, we said:

"But it does not necessarily follow from what we have said that a person placed in the position of the respondent is entirely deprived of recourse to the courts. It is our opinion that respondent would have had the right to commence in the superior court a special and independent action for the purpose of securing a review of the wrongs of which he complains. Such was the procedure in the recent case of *James v. McMillan,* 115 Wash. 159, 196 Pac. 881. . . .

"Under this view of the law, the respondent having undertaken to transfer the proceeding by appeal to the superior court, is it proper that we should hold that, having come into court by the wrong door, he may be dismissed without hearing? The record discloses that, after the appeal was taken, the appellants caused a transcript of their proceedings to be certified to the trial court. They also appeared in that court and moved to require the respondent to set out, in a bill of particulars or otherwise, the grounds of his complaint and the reasons for his dissatisfaction. The respondent complied with the order of the court requiring him so to do. Thereafter the case came on for trial in the usual and customary manner. All of the parties being present, or represented by attorneys, a large amount of testimony was taken, and the court entered a judgment in the case. At no time, so far as we can find in the record, did the defendants (appellants here) raise in the lower court the question of jurisdiction, or permit the trial court to consider or pass upon the questions which they have raised in this court. Under these circumstances, it would seem that we should treat the case, although it reached the superior court by direct appeal, as being maintained and tried there by consent of the parties as an independent action, and the bill of particulars made by the plaintiff (respondent here) may be taken as his petition or complaint in such action, upon which the case was tried in the lower court."

If, in the present case, there had actually been a trial *de novo* in the superior court, as is contemplated by Rem. Rev. Stat., § 4076, which makes the procedure on appeals from the justice court to the superior court applicable to such appeals from the board of county commissioners, and if neither the board nor the interveners had raised the question of the superior court's jurisdiction, we could then have said, as in the *Adams County* case, *supra*:

"Under these circumstances, it would seem that we should treat the case, although it reached the superior court by direct appeal, as being maintained and tried there by consent of the parties as an independent action."

However, the respondent in his brief says:

"There was nothing in the proceeding before the trial court in hearing the respondent's appeal which in procedure or in the evidence introduced constituted a trial de novo as complained by the appellants."

There is nothing in the record from which it could be said that the hearing before the superior court, whatever its form or purpose, was a trial by consent of the parties as an independent action.

█ The remedy by certiorari is available where there is no right of appeal and if, in the judgment of the court, there exists no plain, speedy, and adequate remedy at law. Rem. Rev. Stat., § 1002 [P.P.C. § 15-3]. In *State ex rel. Klaas v. County Commissioners, supra*, we said, regarding an alleged void franchise for a toll bridge:

"That statute [Rem. Rev. Stat., § 1002], we think, is sufficient to authorize, in this kind of a case, the superior court to inquire into the validity of the proceedings complained of and to correct any erroneous or void proceedings."

It is significant that practically all proceedings to secure court review of the granting of variance permits, except where an appeal procedure is specifically provided for, are by certiorari. No writ of certiorari issued here, and it is apparent that we have neither the substance nor the form of certiorari.

■ The declaratory judgment act, Rem. Rev. Stat. (Sup.), §§ 784-1 to 784-17 [P.P.C. §§ 65-1 to 65-33], is likewise available where the parties are concerned with the construction of a statute. The basic question, both parties argue here, was whether or not a board of county commissioners had authority by virtue of chapter 44 of the Laws of 1935 (Rem. Rev. Stat. (Sup.), §§ 9322-1 to 9322-12) to grant variance permits.

Since we hold that the Pierce county superior court had no jurisdiction to consider the appeal from the board of county commissioners, the basic question referred to cannot be determined on this appeal. By reason of the fact that a session of the legislature probably will intervene before that question can again reach us, it seems not inappropriate to state that we entertain grave doubts as to whether any board of county commissioners possesses such authority, except as it may accomplish that purpose by a resolution amending, supplementing, changing, or modifying the zoning regulations of the county under the authority given it by § 9 of chapter 44, Laws of 1935 (Rem. Rev. Stat. (Sup.), § 9322-9), which provides that such a resolution must be recommended or concurred in by the county planning commission. This statement is for the benefit of the interested parties and is not an intimation on our part that we believe there should or should not be any amendment of the existing law.

We would also like to comment that, while both sides apparently have agreed that the document entitled "Memorandum Decision" in this case might be regarded as a final judgment, we do not wish to lend any encouragement to the practice of combining final judgments or orders with memorandum decisions or opinions.

The judgment heretofore entered in this cause is set aside and the cause remanded, with instructions to dismiss the appeal from the decision of the board of county commissioners.

Since none of the appellants challenged the respondent's right to appeal from the action of the board of county commissioners, either in the court below or here (although

questioning his right to a trial *de novo*), it is our view that all parties should pay their own costs on this appeal, and it is so ordered.

MALLERY, C. J., MILLARD, SIMPSON, and SCHWELLENBACH, JJ., concur.

