[No. 32739.   Department One.   April 5, 1954.]

OCOSTA CONSOLIDATED SCHOOL DISTRICT No. 123, *Respondent,* v. GRAYS HARBOR COUNTY *et al., Appellants.*[1]

[1]Reported in 268 P. (2d) 663.

*Don G. Abel,* for appellants.

*Paul O. Manley* and *John H. Kirkwood, Jr.,* for respondent.

GRADY, C. J.—In 1939, the real estate described in the complaint was sold at a tax sale and Grays Harbor county became the purchaser. On July 23, 1952, the county made a contract with Anderson Middleton Forest Products Company to sell the merchantable timber growing thereon for the agreed price of eighteen dollars per thousand board feet. On July 6, 1953, a deed was executed by the board of county commissioners conveying the real estate to Grays Harbor county. On July 7, 1953, the prosecuting attorney gave instructions to the county treasurer to pay all income from the real estate and from the timber-sale contract into the current expense fund of the county.

Respondent brought suit against Grays Harbor county, its commissioners and treasurer to set aside the deed and to enjoin the disbursement of any of the income derived

from the real estate and timber-sale contract in any other manner than as provided by RCW 84.64.230. The court overruled a general demurrer to the complaint. Defendants refused to further plead. Judgment was entered substantially as prayed in the complaint.

In this opinion the plaintiff will be referred to as respondent and the county and its officers as appellant.

■ The first question to be decided is one of procedure. Appellant urges that respondent could not invoke the original jurisdiction of the superior court to seek the relief asked, but should have resorted to the remedy provided by RCW 36.32.330. This statute provides for an appeal to the superior court from "any decision or order of the board of county commissioners" of a county and prescribes the procedure that must be followed. It does not apply to this case for two reasons: The county commissioners were not acting under their general powers in the transaction of the usual business of the county when they did the acts of which complaint has been made in this action, but were acting pursuant to RCW 84.64.230 and 84.64.320. These statutes are special ones, and no appeal is provided to review acts done pursuant to them. *Lawry v. Board of Commissioners,* 12 Wash. 446, 41 Pac. 190; *Adams County v. Scott,* 117 Wash. 85, 200 Pac. 1112; *State ex rel. Lyon v. Board of County Commissioners,* 31 Wn. (2d) 366, 196 P. (2d) 997.

■ The respondent was not a party to any of the proceedings before the county commissioners that resulted in having a deed executed naming the county as grantee and allocating the funds derived or to be derived from the sale of the timber to the current expense fund. It therefore was entitled to maintain this action to test the validity of the acts of the county acting through its commissioners and prosecuting attorney. *Morath v. Gorham,* 11 Wash. 577, 40 Pac. 129; *State ex rel. Mason v. County Commissioners,* 146 Wash. 449, 263 Pac. 735.

■ RCW 84.64.230 is a mandatory directive to counties of this state to apportion funds derived from the *sale* of

property acquired by tax deed, and county officials cannot by such a method as was used in this case divert such funds to a current expense fund. The deed naming the county as grantee was not authorized by RCW 84.64.320. The county had acquired title to the property by the deed from the county treasurer following the tax sale. The object of the statute is to enable a county acquiring property at tax sale to sell it to some governmental agency at private sale so that such agency may put the property to some public use. The transfer by the county commissioners to the county for the purpose of enabling it to divert the money received on the timber-sale contract was not the kind of disposition of tax-foreclosed property contemplated by the statute.

The judgment is affirmed.

HILL, HAMLEY, FINLEY, and OLSON, JJ., concur.

[1]Reported in 268 P. (2d) 642.