[No. 43005. En Banc. May 9, 1974.]

VERAL E. DESCHENES et al., Appellants, v. KING COUNTY et al., Respondents.

John D. Blankinship (of Montgomery; Purdue, Blankinship & Austin), for appellants.

*Christopher T. Bayley, Prosecuting Attorney, John E. Keegan, Deputy,* and *James D. McBride,* for respondents.

WRIGHT, J.—Respondent Bertil J. Carlson sought and obtained from King County a conditional use permit to construct a dog kennel near the Snoqualmie River in the vicinity of Fall City. After the zoning adjuster approved the permit subject to seven conditions, appellant Veral E. Deschenes and John D. Blankinship (who is not here an appellant) appealed to the King County Board of Appeals. The board sustained the decision of the adjuster on February 21, 1973.

Nineteen days later, March 12, 1973, the present appellants, all owners of nearby property, attempted to institute an action in the King County Superior Court for a writ of certiorari and also seeking a declaratory judgment and an injunction. On April 24, 1973, the superior court granted a motion for summary judgment of dismissal, upon the sole ground the matter was not commenced in superior court within the time provided by law.

The order of dismissal was based on section 21.58.130 of the King County code which provides:

Effective date of decision—Time for appeal. The decision of the board of appeals shall be final and conclusive unless within ten days from the date of said action the original applicant or an adverse party files an appeal to the superior court for a writ of certiorari, a writ of prohibition or a writ of mandamus. The filing of such appeal within such time limit shall stay the effective date of the order of the board of appeals until such time as the appeal shall have been adjudicated or withdrawn.

Appellants contend that the above quoted section was repealed by the adoption of the King County home rule charter and never effectively reenacted. Although that is the principal thrust of appellants' arguments, they also contend they are seeking declaratory judgment and injunction which are not controlled by the provision of the code above quoted. Appellants further contend that a county ordinance

can not restrict the scope of judicial review, and that some of appellants did not have notice of the action of the board of appeals.

Appellants further contend the provisions of the state environmental policy act (RCW 43.21C) and the Shoreline Management Act of 1971 (RCW 90.58) were not considered. The last mentioned contentions are not properly before the court. The only question at this stage of the proceeding is whether the superior court acquired jurisdiction.

█ The rule is well known and universally respected that a court lacking jurisdiction of any matter may do nothing other than enter an order of dismissal. 21 C.J.S. *Courts* § 118 (1940).

█ Although the superior court is a court of general jurisdiction, this is a special proceeding in which the court is acting in an appellate capacity. Under such circumstances, the court has only such jurisdiction as is conferred by law. One of the necessary elements to confer appellate jurisdiction upon a court is the giving of a timely notice of appeal. *Stark v. Jenkins*, 1 Wash. Terr. 421 (1874); *Cogswell v. Hogan*, 1 Wash. 4, 23 P. 835 (1890); *Isom v. Olympia Oil & Wood Prods. Co.*, 200 Wash. 642, 94 P.2d 482 (1939). Although the proceeding herein is denominated a writ of certiorari, it is also referred to in the same section of the code as an "appeal " and a definite time limit is provided. Compliance with such time limit is essential for the court to acquire jurisdiction.

The constitutional provision giving to the superior courts jurisdiction to issue writs, Const. art. 4, § 6, does not prohibit the limitation of the time for seeking such a writ. The rule is recognized in R. Anderson, *American Law of Zoning* § 21.15 (1968), as follows:

> The Standard State Zoning Enabling Act contains a provision that a petition to review a decision of a board of adjustment "shall be presented to the court within 30 days after the filing of the decision in the office of the board." Specific provisions limiting the time within which an aggrieved litigant must perfect an appeal are

included in the enabling acts of about two-thirds of the states.

In general, these provisions are included on the assumption that the public interest will be best served by finalizing the decisions of the board and firming-up the rights to develop land at the earliest moment which is consistent with fair process. . . . The time restrictions range from 10 to 60 days, . . .

. . .

The time limitations imposed by statute upon the commencement of proceedings to review a decision of a board of adjustment are regarded as mandatory. Failure to initiate proceedings within the time limited by statute results in loss of the right of review.

(Footnotes omitted.)

 The contention that some of appellants did not have notice of the action of the board of appeals is without merit. The purpose of time limitations in such matters is to give finality to the actions on zoning matters. If there were not finality, no owner of land would ever be safe in proceeding with development of his property. The provision of King County code section 21.58.130 does not make any exception to the 10 day limit. To make an exception for anyone who does not receive a formal notice of the board action would completely defeat the purpose and policy of the law in making a definite time limit.

The court in *Pierce v. King County*, 62 Wn.2d 324, 382 P.2d 628 (1963) recognized the sufficiency of other than formal direct notice. Therein it is said at page 334:

If petitioners are in a situation where they would not normally be expected to learn of the legislative action, where they are directly affected by it, and where they do not have actual knowledge, the time for the commencement of certiorari begins with acquisition of knowledge or with the occurrence of events from which notice ought to be inferred as a matter of law.

In the instant case those appellants who were not parties to the proceedings before the board made no effort to show and made no allegation they were without actual knowl-

edge of the proceedings. They, therefore, fail to come within the rule of the *Pierce* case.

The sole determinative question herein is the validity of King County code section 21.58.130. Appellants rely upon *Durocher v. King County*, 80 Wn.2d 139, 492 P.2d 547 (1972). That case is distinguishable in that it involved an unclassified use permit while the present case involves a conditional use permit. No procedure was provided in the King County charter for an unclassified use permit, which led to the statement the procedural parts of the prior zoning code were repealed. The same is not true of a conditional use permit.

After *Durocher* was filed on January 6, 1972, the King County council on March 20, 1972, adopted ordinance No. 1160 which reenacted the zoning code and included King County code section 21.58.130. Therein the words "board of appeals" were substituted for the old designation "board of adjustment." Appellant contends that ordinance No. 1160 could not reenact the section in question as it was only intended to adopt a code. That contention is contrary to the provisions of the King County charter section 220.20, which gave to the council broad legislative powers.

The charter also contains section 720 which relates, *inter alia,* to appeals from the granting or rejecting of conditional use permits. That section contains in substance the same provision as does the disputed code provision in that decisions of the board of appeals shall be final unless appealed "within the time limits established by ordinance or general law." The relevant ordinance is King County code section 21.58.130. Even if such ordinance were not in force (which we hold is not true), the general law referred to is RCW 36.70.890 which also contains the same 10 day limitation.

The charter in section 990 provides, in part:

All ordinances, resolutions and other official actions of the board of county commissioners which are in effect on the effective date of this charter and which are not inconsistent with this charter shall continue in effect until

they are amended, repealed or superseded in accordance with the provisions of this charter.

The disputed provision, King County code section 21.58.130, is not inconsistent with the charter and hence is expressly kept in force by the charter.

The trial court was correct in entering the summary judgment of dismissal and is affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, UTTER, and BRACHTENBACH, JJ., concur.