[No. 4477-7-III.  Division Three.  March 30, 1982.]

RHYS A. STERLING, *Plaintiff,* CYRIL T. WOLFF, *Appellant,* v. THE COUNTY OF SPOKANE, ET AL, *Respondents.*

*William W. Goss, Jr.,* and *Turner, Stoeve, Gagliardi & Goss,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *James P. Emacio, Deputy,* for respondents County of Spokane, et al.

*Seaton M. Daly, Jr.,* for respondents Uyeji.

*Richard M. George* and *Parry & Esposito,* for respondents Cripe.

ROE, J.—What participation in rezoning hearings is necessary before a party has standing to appeal to the superior court from a rezone granted by a board of county commissioners? Under the Spokane County Code, such decision to rezone is final unless a "party with standing" applies for a writ of certiorari within 30 days.[1] The trial court ruled that failure to participate at the prior administrative hearing denied standing. We affirm.

James Cripe, the lessee/optionee of property owned by

---

[1] Spokane County Code 4.21.100 provides: "The action of the Board of County Commissioners on an appeal from the decision of the Zoning Hearing Examiner Committee or the Subdivision Hearing Examiner Committee as to a zone reclassification *or* preliminary plat application shall be final and *conclusive unless* within thirty (30) days from the date of the action the applicant or *a party having standing makes application* to a court of competent jurisdiction for a writ of certiorari." (Some italics ours.)

Kam and Fumi Uyeji, sought a rezone of the property from agricultural to residential mobile home to permit a mobile home park. After a public hearing, the Spokane County Hearing Examiner Committee denied the application without prejudice. Neither Sterling nor Wolff, who owned property either adjacent or near to the Uyeji property, was present at this initial hearing. Cripe appealed to the Board of County Commissioners (Board) from the denial. Sterling did appear and testify before the Board, which held a de novo hearing, but Wolff did not. The Board approved the rezone.

Sterling and Wolff timely filed a petition for a writ of review pursuant to RCW 7.16.040[2] and Spokane County Code 4.21.100. Sterling was dismissed by the Superior Court and he has not appealed. Wolff's only affidavit supporting the application for the writ was submitted to the Superior Court after Cripe, Uyeji and the Board moved to dismiss him as a party and to dismiss the writ. The Superior Court granted the motions and dismissed, finding both Sterling and Wolff had no standing. Only Wolff appealed.

Wolff first contends his appeal is controlled by RCW 36.32.330, which provides:

> Any person may appeal to the superior court from any decision or order of the board of county commissioners[,]

arguing this statute does not require participation at the administrative hearings and is subject only to the general requirements of standing.

■ RCW 36.32.330 applies in situations where the Board is acting on its ordinary and usual duties. However, when it is acting distinct from those duties, under special statute, it does not apply. *Adams County v. Scott*, 117

---

[2]RCW 7.16.040 provides:

"A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

Wash. 85, 200 P. 1112 (1921); *Lawry v. Board of Comm'rs,* 12 Wash. 446, 41 P. 190 (1895). This rule has been expressly applied where the Board acts in zoning matters. *Cathcart–Maltby–Clearview Community Council v. Snohomish County,* 96 Wn.2d 201, 205, 634 P.2d 853 (1981); *State ex rel. Lyon v. Board of County Comm'rs,* 31 Wn.2d 366, 196 P.2d 997 (1948). Here, the Board was acting as an appellate body pursuant to Spokane County Code 4.21.100. This is not within its ordinary and usual duties. Therefore, Wolff may not base his claim of standing on the "any person" language of the statute.[3]

▮ Certiorari is available where there is no right to appeal and, in the judgment of the court, there is no plain, speedy or adequate remedy at law. RCW 7.16.040; *Pierce v. King County,* 62 Wn.2d 324, 382 P.2d 628 (1963); *State ex rel. Lyon v. Board of County Comm'rs, supra* at 372. Where the superior court is acting in an appellate capacity, it has only such jurisdiction as is conferred by law. *Deschenes v. King County,* 83 Wn.2d 714, 716, 521 P.2d 1181 (1974). Spokane County Code 4.21.100, which confers jurisdiction on the superior court, limits those who may seek a writ of certiorari to those who have standing. The code does not define this term.[4] The Superior Court dismissed Wolff, ruling he did not have standing because (1) he failed to comply with the statute of limitations, and (2) he "failed to appear or present evidence or in any way participate" in

---

[3]Even if the statute did apply, Wolff would be unable to avail himself of it, as the court early held that an appeal under this statute could be prosecuted only by one who was a party to the proceedings before the Board. *Morath v. Gorham & Clemans,* 11 Wash. 577, 40 P. 129 (1895); *see also Ocosta Consol. School Dist. 123 v. Grays Harbor County,* 44 Wn.2d 525, 268 P.2d 663 (1954); *State ex rel. Mason v. Board of County Comm'rs,* 146 Wash. 449, 263 P. 735 (1928), *overruled on other grounds, Lopp v. Peninsula School Dist. 401,* 90 Wn.2d 754, 758, 585 P.2d 801 (1978); *Lawry v. Board of Comm'rs, supra.*

[4]Under RCW 7.16.050, a "party beneficially interested" must support the application for a writ with an affidavit. In *Save a Valuable Environment v. Bothell,* 89 Wn.2d 862, 865, 576 P.2d 401 (1978), the court quoted the "beneficially interested" party requirement of RCW 7.16.050 in considering a question of standing.

any hearing before either the Hearing Examiner Committee or the Board and "failed to avail himself of these prescribed administrative procedures for presenting evidence or protest concerning this rezone." Although we believe Wolff's filing of the affidavit was timely, the trial court was correct in holding that participation in administrative hearings is necessary under the Spokane County Code to preserve any right to appeal to the superior court.

First, we consider Wolff's alleged failure to comply with the statute of limitations. Spokane County Code 4.21.100 requires applications for writs of certiorari to be made within 30 days of the Board's action. Although RCW 7.16.050 does not set forth a time limit, the time limit set forth in the county code is jurisdictional.[5] *North St. Ass'n v. Olympia*, 96 Wn.2d 359, 364, 635 P.2d 721 (1981); *Deschenes v. King County, supra.* Sterling filed his affidavit on January 21, 1981, 23 days after the Board's decision; and Wolff's affidavit was filed on March 20, 1981, 58 days later. The County argues this was a late filing which defeats Wolff's standing. The rules of practice in special proceedings are those relating to civil actions. RCW 7.16.340; *G-3 Properties, Inc. v. Board of County Comm'rs*, 27 Wn. App. 625, 630, 620 P.2d 108 (1980), *rev'd on other grounds sub nom. North St. Ass'n v. Olympia, supra.* Under CR 3(a) an action is commenced when a complaint is filed or a summons served. Either of these acts will toll the statute of limitations as long as the other is completed within 90 days.

---

[5] In *Byers v. Board of Clallam County Comm'rs*, 84 Wn.2d 796, 798, 529 P.2d 823 (1974), residents of the county challenged an interim zoning ordinance. On appeal, the Board challenged the residents' standing, as the application for the writ of certiorari was not accompanied by an affidavit from a beneficially interested party. This defect was corrected at the hearing on the motion to quash the writ. The trial court accepted the affidavits, ruling they cured any deficiency. The Supreme Court tacitly allowed such a procedure when it considered the affidavits in upholding the trial court's determination that the residents had standing. There is no indication in the opinion whether the affidavits were filed within any applicable statute of limitations. Thus, there is support for the proposition the trial court here should have considered Wolff's affidavit, even though it was not filed with the application for the writ.

RCW 4.16.170. Where an applicant has filed within the applicable time period, he has an additional 90 days to serve necessary parties. *North St. Ass'n v. Olympia, supra* at 367. We apply this rule to the filing of petitions for writs of certiorari and supporting affidavits. *See Fox v. Groff,* 16 Wn. App. 893, 895, 559 P.2d 1376 (1977). Wolff's affidavit was filed within the 90–day period and therefore should have been considered by the trial court.

The trial court also dismissed Wolff as a party because of his failure to appear at the administrative hearings. Spokane County Code 4.21.100 allows a right of appeal to "the applicant or a party having standing". We note that this language is different from the limitation in the Standard State Zoning Enabling Act § 7 (1926), which allows appeal to "a person aggrieved". *See* 4 R. Anderson, *Zoning* § 25.09 (2d ed. 1977); Comment, *Standing To Appeal Zoning Determinations: The "Aggrieved Person" Requirement,* 64 Mich. L. Rev. 1070, 1071 (1966). This distinction is determinative of the question before us.

> While some review statutes have confined the right of review to persons who were parties of record in the administrative proceeding, it is clear that provisions which authorize review at the instance of a person aggrieved are intended to create a broader class of persons with standing to seek judicial review.

(Footnotes omitted.) 4 R. Anderson, *Zoning* § 25.10. Whether participation before the administrative body is a prerequisite to appeal has been considered under both statutory wordings.

█ In Maryland, the statute allows a right of appeal to any *party* who is aggrieved, and the courts have consistently held a person must at least have been a party to the administrative agency proceeding. In *DuBay v. Crane,* 240 Md. 180, 184, 213 A.2d 487, 489 (1965), the court stated:

> While it is not necessary that a protestant testify before the administrative agency, it is incumbent on him, if he contemplates appealing an adverse decision, to, at least,

have the record show that he was a party to the proceeding.

*See also Shore Acres Improvement Ass'n v. Anne Arundel County Bd. of Appeals,* 251 Md. 310, 247 A.2d 402 (1968); *Bryniarski v. Montgomery County Bd. of Appeals,* 247 Md. 137, 230 A.2d 289 (1967). Although requiring participation, *see Slusher v. Hanson Rd. Joint Venture,* 25 Md. App. 356, 333 A.2d 631, *cert. denied,* 275 Md. 755 (1975), the Maryland court has not definitively set out what the manner of participation should be. However, it has found standing in a case where the appellant wrote a letter to the board before the date of the hearing opposing the grant of a variance, *Hertelendy v. Montgomery County Bd. of Appeals,* 245 Md. 554, 226 A.2d 672 (1967), and where the appellant has merely signed a petition of protest, *Baxter v. Montgomery County Bd. of Appeals,* 248 Md. 111, 235 A.2d 536 (1967). *See also Largo Civic Ass'n v. Prince George's County,* 21 Md. App. 76, 318 A.2d 834 (1974) (person need not be subject to cross-examination to be an aggrieved party within the meaning of the statute).

This rule has also been followed in other jurisdictions, with statutes requiring a proposed appellant be a "party of record". In *Woodrow v. Louisville & Jefferson County Planning & Zoning Comm'n,* 346 S.W.2d 538 (Ky. 1961), it was held that an appealing party must affirmatively show by some participation in the commissioner's record that he entered an appearance as an interested party. The Maine court noted that participation at the administrative hearing depends on the facts of each case. *Pride's Corner Concerned Citizens Ass'n v. Westbrook Bd. of Zoning Appeals,* 398 A.2d 415, 417–18 (Me. 1979).

Where the statute allows appeals to persons aggrieved, the standards for standing are less restrictive. 4 R. Anderson, *Zoning* §§ 25.09, 25.10; *see* 3 A. Rathkopf, *Zoning and Planning* § 43.01 (4th ed. 1981). In construing such a statute, *Stout v. Mercer,* 160 Ind. App. 454, 462, 312 N.E.2d 515, 520 (1974), held:

Adjoining . . . landowners may therefore be persons "aggrieved" . . . the particular landowner would be "aggrieved" regardless of whether he appeared and became a party to the hearing before the board . . . His legal interests would be no less affected due to a failure to appear and object.

*But see Foltz v. Indianapolis,* 234 Ind. 656, 130 N.E.2d 650 (1955) (where a party has been notified of a hearing and fails to appear either personally or by counsel, he waives any right to complain of the action taken). Some courts, even in construing statutes which provide a right of appeal for "persons aggrieved", consider participation in administrative hearings as one factor in determining whether a particular appellant is a person aggrieved. *Price v. Planning Bd.,* 120 N.H. 481, 417 A.2d 997 (1980); *Weeks Restaurant Corp. v. Dover,* 119 N.H. 541, 404 A.2d 294 (1979).

The language in Spokane County Code 4.21.100 falls within that class of statutes which requires participation in the administrative hearing before a person is entitled to seek review of the Board's decision. Requiring participation in the first instance allows the Board to take into consideration all possible complaints and gives it the opportunity to answer such complaints before the aid of the judicial process is involved. *See Northampton Residents Ass'n v. Northampton Township Bd. of Supervisors,* 14 Pa. Commw. 515, 322 A.2d 787, 790–91 (1974). The Board can make its best decision when it has all facts before it. When participation can be shown by merely signing a petition, the burden on a potential applicant is not great. Wolff did not communicate his opposition to the proposed rezone to the Board. Thus, he has no standing to appeal the Board's decision.

We affirm the trial court in dismissing Wolff as plaintiff and in dismissing the writ of certiorari.

McINTURFF, C.J., and GREEN, J., concur.

Reconsideration denied May 19, 1982.

Review denied by Supreme Court October 27, 1982.