[No. 34388-2-I.   Division One.   May 8, 1995.]

DALE G. GRIFFITH, ET AL, *Appellants,* v. THE CITY OF BELLEVUE, ET AL, *Respondents.*

*John Richard Aramburu,* for appellants.

*Richard L. Andrews, City Attorney,* and *Lori Molander Riordan, Assistant,* for respondent City of Bellevue.

*Suzanne Martin Larsen* and *Robert Gerard Lutz,* for respondent Greacen Construction.

AGID, J. — Dale and Sandra Griffith[1] appeal the King County Superior Court's order dismissing their application

---

[1]The suit involves a number of landowners. They are collectively referred to as "the Griffiths".

for a writ of certiorari in a land use action. We must decide whether a trial court lacks jurisdiction to issue a writ where the affidavit supporting the petition for the writ filed with the court is not signed by a beneficially interested party. We hold it does and affirm.

## FACTS

The Griffiths challenge the City of Bellevue's approval of a rezone and subdivision of land adjacent to their property. Greacen Construction, Inc., owns the rezoned property. On July 22, 1993, Bellevue's hearing examiner recommended approval of the preliminary plat and rezone, and the Griffiths appealed that recommendation to the city council. On October 18, 1993, the city council adopted a resolution denying the appeal, approved the preliminary plat application and passed an ordinance reclassifying the property. On October 19, 1993, the city council notified the parties of record of their right to appeal its decision under Bellevue's Land Use Code (BLUC). The notice stated that the last day to appeal was November 8, 1993.[2]

On November 8, 1993, the Griffiths petitioned the King County Superior Court for a writ of certiorari to review the city council's action. They filed a copy of the petition with the court and served copies on Bellevue and Greacen. All three copies of the petition were signed by the Griffiths' attorney. The verification block at the end of the petition filed with the court, however, was not signed by any of the Plaintiffs in the case, as required by the certiorari statute, RCW 7.16.050.[3]

The court issued a writ of certiorari on January 19, 1994. On February 8, 1994, more than 90 days after the Griffiths had filed their petition, Greacen discovered that the petition filed with the court had not been verified. Greacen moved to quash the writ and dismiss the action with prejudice on the

---

[2]Under BLUC 20.35.535, a decision of the city council must be appealed to the superior court no more than 20 days following the effective date of the decision.

[3]Only the copy of the petition served on Bellevue was verified by a Plaintiff. Apparently, the copy of the petition intended for filing with the court was inadvertently delivered to Bellevue. The Griffiths argue that this constitutes substantial compliance with the certiorari statute. As discussed *infra*, substantial compliance is insufficient to confer jurisdiction on the Superior Court. *Deschenes v. King Cy.*, 83 Wn.2d 714, 716, 521 P.2d 1181 (1974).

ground that the court lacked subject matter jurisdiction to issue the writ because the Griffiths' application had not been verified. The Griffiths moved to amend their petition and to enlarge the time in which to cure the defect. The court granted Greacen's motion to dismiss and declined to consider the Griffiths' cross motion to amend on the ground that it lacked jurisdiction to do so. This appeal followed.

## DECISION

The issue presented in this case is whether a failure to file a signed verification in support of an application for a writ of certiorari within 90 days of filing the application deprives the superior court of jurisdiction to consider the application. Under RCW 7.16.040, any court, except a municipal or district court, may grant a writ of review[4]

> when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.

Under RCW 7.16.050, the application for the writ "must be made on affidavit by the party beneficially interested".[5]

■ RCW 7.16 does not specify a time limit for filing the affidavit. In *Sterling v. County of Spokane*, 31 Wn. App. 467, 472-73, 642 P.2d 1255, *review denied*, 97 Wn.2d 1041 (1982), the court held that an affidavit is timely if filed within 90 days of the application for a writ of review. There, the petitioner filed a timely petition for a writ of review to challenge a rezone decision, but filed the affidavit supporting the application after the 30-day statute of limitations for an appeal under the Spokane County Code had run. On appeal, the respondents argued that the affidavit was not timely. The

---

[4]The terms "writ of review" and "writ of certiorari" are interchangeable under the statute. *See* RCW 7.16.030.

[5]Under RCW 7.16.050, an application for a writ must be made on affidavit. RCW 9A.72.085 permits substitution of an unsworn written statement for an affidavit if, among other requirements, the statement "[r]ecites that it is certified or declared by the person to be true under penalty of perjury". Thus, Petitioners may substitute a signed verification for an affidavit in these proceedings.

court noted that, although RCW 7.16.050 does not set forth a time limit for petitioning for a writ of certiorari, the time limit set forth in the county code is jurisdictional. 31 Wn. App. at 471. It nonetheless rejected the argument that the affidavit was untimely. The court concluded that, under RCW 7.16.340,[6] which provides that the civil rules apply to special proceedings, CR 3(a) is the applicable rule for determining whether a statute of limitations has run. Under CR 3(a), an action is commenced when a complaint is filed or a summons served, and either of these acts will toll the statute of limitations as long as the other is completed within 90 days. 31 Wn. App. at 471.

■■ The parties agree that the Griffiths' application was defective because the supporting verification was not signed by a party beneficially interested as required by RCW 7.16.050. They further agree that this defect was not cured within 90 days of filing the application. The dispositive issue, then, is whether, under *Sterling*, a court lacks jurisdiction to consider an application for a writ of certiorari where the affidavit or verification supporting the application contains a defect that is not cured within 90 days of filing the application. We conclude that it does.

We considered a similar issue in *Birch Bay Trailer Sales, Inc. v. Whatcom Cy.*, 65 Wn. App. 739, 829 P.2d 1109, *review denied*, 119 Wn.2d 1023 (1992). In *Birch Bay*, a plaintiff in a land use case filed an application for a writ of review. The application was neither verified nor supported by an affidavit from Birch Bay or its attorney. After the petitioner served the writ application, the respondents moved to dismiss the writ action on the grounds that the application was untimely and that it was not supported by an affidavit as required by RCW 7.16.050. 65 Wn. App. at 741-42. We held that the application was untimely because it had not been filed within the 10-day statute of limitations under the Whatcom County Code. We further concluded that, because

---

[6]Under RCW 7.16.340, except as otherwise provided for in the statute, "the provisions of the code of procedure concerning civil actions are applicable to and constitute the rules of practice" in proceedings under RCW 7.16.

the statute of limitations had run, the trial court lacked jurisdiction to hear the case.

Although we held that the failure to file within the 10-day statute of limitations period was dispositive in *Birch Bay*, we also discussed the affidavit requirement. Birch Bay argued that the trial court should have granted the writ application, even though it was neither verified nor accompanied by an affidavit, because the signature of its attorney was sufficient to meet the affidavit requirement. We rejected this argument, noting that, although Washington courts have been liberal in their interpretation of the affidavit requirement, no case supported the broad reading urged by Birch Bay. 65 Wn. App. at 744-45. We held that, because RCW 9A.72.085 only permits the substitution of an unsworn statement for an affidavit if the statement recites that the person making the statement declares it to be true under penalty of perjury, a signature not made under penalty of perjury is insufficient to satisfy the affidavit requirement under RCW 7.16.050. We further held that Birch Bay's affidavit was untimely because it was filed more than 90 days after the writ application. 65 Wn. App. at 745. We concluded there, as we do here, that the application was, therefore, inadequate.

When reviewing a land use decision, the Superior Court acts in its limited appellate capacity and all statutory and procedural requirements must be met before its appellate jurisdiction is properly invoked. *Deschenes v. King Cy.*, 83 Wn.2d 714, 716, 521 P.2d 1181 (1974); *Sterling*, 31 Wn. App. at 470. Whenever the Superior Court acts in its appellate capacity reviewing the decisions of an administrative or quasi-judicial body, substantial compliance with these requirements is insufficient to invoke the court's jurisdiction. *Seattle v. Public Empl. Relations Comm'n*, 116 Wn.2d 923, 928-29, 809 P.2d 1377 (1991). By filing an application with an inadequate verification and failing to cure the defect within 90 days, the Griffiths failed to comply with the procedural requirements of the BLUC and CR 3(a). Once the statute of limitations and 90-day cure period ran, the superior court lost jurisdiction over the matter.

Our holding here establishes a bright-line rule which, in our view, is both desirable and necessary to further Washington's longstanding policy offinality in land use deci-

sions. *See Deschenes*, 83 Wn.2d at 717. Because petitioners have 90 days to cure defects intheir pleadings and service, we do not consider it unduly oppressive to require that they ensure that all statutory requirements are met within the applicable statute of limitations and the 90-day cure period.[7]

Accordingly, we affirm the trial court's order dismissing the Griffiths' application for a writ of certiorari.

KENNEDY, A.C.J., and COLEMAN, J., concur.

After modification, further reconsideration denied June 29, 1995.

Review granted at 128 Wn.2d 1002 (1995).

---

[7]We note that Gross Substitute House Bill 1724, adopted by the Legislature this year, establishes a different land use petition procedure for reviewing many land use decisions. However, other statutory procedures, including certiorari, continue to apply to actions exempted by § 704 of the Act and to cases pending before its effective date.