[No. 15819-5-III. Division Three. August 5, 1997.]

WES CROSBY, ET AL., *Appellants*, v. SPOKANE COUNTY, ET AL., *Respondents*.

*Frederick J. Dullanty, Jr.*, and *Witherspoon, Kelley, Davenport & Toole, P.S.*, for appellants.

*James R. Sweetser, Prosecuting Attorney*, and *Robert B. Binger, Deputy*; and *Stephen K. Eugster* and *Eugster Haskell Law Offices*, for respondents.

SCHULTHEIS, A.C.J. — Wes Crosby sought review of an adverse land use decision by applying for a writ of certiorari in the Spokane County Superior Court. After initially ruling in favor of Mr. Crosby, the court granted Allen Osborne's motion to intervene and ultimately dismissed the case. The court found it lacked jurisdiction because Mr. Crosby failed to file an affidavit supporting his writ ap-

plication within 90 days after filing the writ. The court also found Mr. Crosby failed to timely join indispensable parties: Mr. Osborne and the other landowners who had successfully appealed the preliminary approval of Mr. Crosby's subdivision plat proposal to the Spokane County Board of County Commissioners. We agree with the trial court that it lacked jurisdiction because Mr. Crosby failed to file the affidavit or verification required by RCW 7.16-.050 within 90 days after filing the writ application. Consequently, we affirm.

In 1993 Mr. Crosby submitted an application for approval of a preliminary plat of a 31-residence development on a 9.3-acre parcel in Spokane County. After the Hearing Examiner Committee approved the plat in June, adjacent landowner Allen Osborne appealed. He was joined by two other adjoining landowners, Robert Loweree and James Pollard. In November the Spokane County Board of County Commissioners reversed by a vote of two to one and denied the plat application without prejudice until a public sewer is extended to the property.

On December 2, 1993, Mr. Crosby and his development company filed an application for a writ of certiorari in Spokane County Superior Court. He named only the County and its Board of Commissioners as defendants. In January 1994 the court signed an agreed order issuing a writ of certiorari directing the County to produce a copy of the agency record. In February 1995 the court issued a letter decision finding the Board's decision to be arbitrary and capricious.

In March 1995, before the court's decision was formally entered, Mr. Osborne moved to intervene and also to dismiss the writ proceeding for lack of subject matter jurisdiction. He later sought a declaration that the Board's decision denying the plat application was res judicata as to him. After the court granted Mr. Osborne's motion to intervene, Mr. Loweree and Mr. Pollard were also joined as defendants for the sole purpose of the motions to

dismiss or for a declaration that the Board's decision was res judicata as to them, as well. The court dismissed the action for lack of subject matter jurisdiction and for failure to join indispensable parties before the statute of limitations expired. On appeal, Mr. Crosby challenges both aspects of the trial court's decision.

 Spokane County Code § 14.402.180 requires that an application for writ of certiorari be filed within 30 days of the Board's action. Either serving the summons or filing the application will toll the statute of limitations for 90 days, but during that period proper service and filing must both be completed. RCW 4.16.170; *Sterling v. County of Spokane*, 31 Wn. App. 467, 642 P.2d 1255, *review denied*, 97 Wn.2d 1041 (1982). An application for writ of certiorari "must be made on affidavit by the party beneficially interested . . . ." RCW 7.16.050. A verification may be substituted for an affidavit. RCW 9A.72.085; *Gordon v. Seattle-First Nat'l Bank*, 49 Wn.2d 728, 731, 306 P.2d 739 (1957). Mr. Crosby's application for writ is signed by his attorney, but it is not accompanied by an affidavit by Mr. Crosby nor is it verified. The deficiency had not been corrected when the intervenors filed their motion to dismiss more than 90 days after the application was filed.

 Mr. Crosby first contends statutory compliance was not necessary because the superior court has inherent jurisdiction over the writ proceeding under the constitution. His argument is without merit. Though it is true that courts have inherent power to review agency actions through a constitutional writ, Const. art. IV, § 6; *Pierce County Sheriff v. Civil Serv. Comm'n for Sheriff's Employees*, 98 Wn.2d 690, 693, 658 P.2d 648 (1983), and the constitution contains no procedural limitations on seeking such a writ, *Bridle Trails Community Club v. City of Bellevue*, 45 Wn. App. 248, 252-53, 724 P.2d 1110 (1986); *see Deschenes v. King County*, 83 Wn.2d 714, 716, 521 P.2d 1181 (1974), courts do not use their inherent power to review an administrative agency decision reviewable by appeal or statutory writ under RCW 7.16, *Bridle Trails*, 45 Wn. App. at 253.

Mr. Crosby next contends that timely compliance with the affidavit or verification requirement of RCW 7.16.050 is not jurisdictional. As authority for his position, Mr. Crosby cites *Griffith v. City of Bellevue*, 130 Wn.2d 189, 922 P.2d 83 (1996), in which the Supreme Court reversed dismissal of a writ of certiorari for failure to follow all statutory requirements. But *Griffith* is distinguishable on its facts. In *Griffith* the writ applicant timely filed and served a verified petition, but failed to sign the verification. The court followed its decision in *In re Welfare of Messmer*, 52 Wn.2d 510, 326 P.2d 1004 (1958), which held a defective affidavit does not deprive the court of jurisdiction as long as the application and accompanying affidavit are timely, and held the signature defect was not jurisdictional. *Griffith*, 130 Wn.2d at 192-93. The court ruled the trial court should have applied the civil rules, specifically CR 11, and dismissed the application only if the writ applicant failed to sign the verification promptly after the omission was called to his attention. *Griffith*, 130 Wn.2d at 194.

In his opinion for the court, Justice Johnson discusses and distinguishes two cases cited as authority for the proposition that there is no jurisdiction if an affidavit or signed verification is not filed with the writ application, *Birch Bay Trailer Sales, Inc. v. Whatcom County*, 65 Wn. App. 739, 829 P.2d 1109, *review denied*, 119 Wn.2d 1023 (1992) and *Sterling*, 31 Wn. App. 467. The opinion notes the writ application was filed one day late in *Birch Bay*, thus the Court of Appeals held it was untimely and the superior court did not have jurisdiction. The majority opinion in *Griffith*, 130 Wn.2d at 193-94, continues:

> Although this holding resolved the case, the Court of Appeals went on to hold the petition was also defective because it was neither verified nor accompanied by an affidavit. The court cited *Sterling* for the proposition a petitioner has 90 days from the date the application is filed to cure it and pointed out that the petitioners had failed to submit an affidavit or verification within that time period. *Birch Bay*, 65 Wn. App. at 745. This part of *Birch Bay* is dicta given the court's reso-

lution of the timeliness issue. Even so, *Birch Bay* is distinguishable because the petitioner failed to even file an affidavit. Moreover, by allowing a 90-day cure period, the court acknowledged the superior court would have acquired jurisdiction had the application been timely regardless of the missing verification or affidavit.[5]

In *Sterling*, the superior court dismissed the writ application on the basis the petitioner did not have standing to file the application because he had not participated in the administrative proceedings. *Sterling*, 31 Wn. App. at 471. The Court of Appeals affirmed on this basis and also held a party has 90 days from the time the application is filed to file an affidavit, explaining:

> Where an applicant has filed within the applicable time period, he has an additional 90 days to serve necessary parties. We apply this rule to the filing of petitions for writs of certiorari and supporting affidavits. Wolff's affidavit was filed within the 90-day period and therefore should have been considered by the trial court.

*Sterling*, 31 Wn. App. at 472 (citations omitted).

---

[5]*See* RCW 4.28.020 (court acquires jurisdiction when the complaint is filed or the summons is served).

---

The *Griffith* majority opinion concludes "[t]he Court of Appeals in *Sterling* properly looked to the civil rules to determine the procedure governing writ proceedings." 130 Wn.2d at 194. Because *Sterling* developed the 90-day rule from the service of process requirements in civil cases, CR 3(a) and RCW 4.16.170, it appears the majority has accepted the proposition that the superior court lacks (or loses) jurisdiction if the applicant does not file an affidavit or verification within 90 days of filing an application for writ of review.[1] *See also North St. Ass'n v. City of Olympia,*

---

[1]Justice Sanders in his concurring opinion disagrees that there is any time limitation on initiation of certiorari or that any time limitation applied by analogy is jurisdictional. He agrees (as does Mr. Crosby) that the affidavit requirement itself is jurisdictional "because the statute clearly and unequivocally

96 Wn.2d 359, 364-67, 635 P.2d 721 (1981) (a person who has timely filed a writ application seeking judicial review of a plat decision has 90 days under CR 3(a) and RCW 4.16.170 to serve all named necessary parties), *disapproved by Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 331-32, 815 P.2d 781 (1991) (to the extent it conflicts with ruling that service of process on one of multiple named defendants within 90 days of filing a complaint tolls the statute of limitations as to the remaining unserved defendants).

██ The court in this case did not err. Under *Griffith* and *Sterling*, the court lacked jurisdiction because Mr. Crosby failed to file the affidavit or verification required by RCW 7.16.050 within 90 days after filing the writ application. A court lacking jurisdiction of any matter may do nothing other than enter an order of dismissal. *Deschenes*, 83 Wn.2d at 716.

Mr. Crosby also contends the landowners who successfully appealed the Hearing Examiner Committee's decision to the Board of County Commissioners were not indispensable parties. We decline to reach this issue, but note the problem should not arise in the future. The land use petition act, LAWS OF 1995, ch. 347, §§ 701-719, codified at ch. 36.70C RCW, replaces the writ of certiorari for appeal of land use decisions like the one in this case and clearly specifies who must be made a party to the proceedings for review. Under the new law, Mr. Crosby would have to serve and name

> [e]ach person named in the written decision [being appealed] who filed an appeal to a local jurisdiction quasi-judicial decision maker regarding the land use decision at issue, unless the person has abandoned the appeal or the person's claims were dismissed before the quasi-judicial decision was ren-

states 'the application *must* be made on affidavit.' The statute has thus defined that which is jurisdictionally required in quite mandatory language." *Griffith*, 130 Wn.2d at 198 (Sanders, J., concurring). But he would follow *Byers v. Board of Clallam County Comm'rs*, 84 Wn.2d 796, 798, 529 P.2d 823 (1974), which expressly approved the trial court's acceptance of the required affidavit 20 months after the writ application was filed because it cured the defect, and would overrule *Sterling* and *Birch Bay* to the extent they are inconsistent.

dered. Persons who later intervened or joined in the appeal are not required to be made parties . . . .

RCW 36.70C.040(2)(d).

We affirm the dismissal of the application for writ and complaint for damages for lack of subject matter jurisdiction, and deny Mr. Crosby's request for attorney fees.

THOMPSON and BROWN, JJ., concur.

Review granted at 134 Wn.2d 1019 (1998).