## HOWARD SLUSHER ET AL. *v.* HANSON ROAD JOINT VENTURE

[No. 738, September Term, 1974.]

*Decided March 18, 1975.*

The cause was submitted on briefs to MOYLAN, GILBERT and MASON, JJ.

Submitted by *Robert W. Baker* for appellants.

Submitted by *Robert S. Sherman* for appellee.

GILBERT, J., delivered the opinion of the Court.

Hanson Road Joint Venture (Hanson) filed an application with the zoning hearing examiner of Harford County to rezone approximately 10.4 acres of land located on the north side of Hanson Road, three-fourths of a mile east of Hanson Road's intersection with Magnolia Road. Hanson sought to have their land changed from A-1 (Agricultural) to B-1 (Business District). The Harford County Department of Planning and Zoning endorsed the requested change. The hearing examiner, following a public hearing, recommended to the County Council that the application be denied because of certain procedural defects therein. The Council, by order dated January 8, 1974, directed that the hearing examiner "write a denial of rezoning opinion", apparently grounding it on failure to show "change in the neighborhood" or "mistake in original zoning." [1] The hearing examiner, however, declined to write such an opinion. The Council thereafter, on February 12, 1974, determined that "there was no mistake in the original zoning nor has there been a substantial change in the neighborhood to warrant property rezoning", and the application "for rezoning from A-1 to B-1 [was] denied."

Hanson appealed to the Circuit Court for Harford County where Judge Harry E. Dyer, Jr. reversed the decision of the County Council and directed that, "[t]he Zoning Inspector

---

1. Proceedings of legislative session 74-2 of the Harford County Council, Harford, Maryland dated January 8, 1974. It is manifest that the Council did not subscribe to the rejection of the application because of procedural defects.

. . . issue a Zoning Certificate to [Hanson] for the 'B-1' use of the subject property."

Howard Slusher and Phyllis Marcin entered an appeal to this Court. Hanson has moved to dismiss the appeal on the ground that the appellants, jointly and severally, are not aggrieved parties as that term is explained in *Bryniarski v. Montgomery Co.*, 247 Md. 137, 230 A. 2d 289 (1967) and explicated in *Largo Civic Ass'n v. Pr. Geo's. Co.*, 21 Md. App. 76, 318 A. 2d 834 (1974). Judge Barnes, writing for the Court in *Bryniarski*, said at 143:

> "Under the applicable statutory law, two conditions must be met before a person has standing to appeal to the Circuit Court . . . from the decision of the . . . [County Council]: (1) He must have been *a party to the proceeding before the [County Council]* and (2) He must be *aggrieved by the decision of the [County Council]*."

This Court in *Largo Civic Ass'n, supra,* stated at 76:

> "We find nothing in *Bryniarski v. Montgomery County, supra,* holding that a person must testify before the administrative agency in order to be a 'party to the proceeding before the' agency. Indeed there is no requirement that he do so provided the record shows he was in fact a party. *DuBay v. Crane,* 240 Md. 180, 213 A. 2d 487 (1965). *See also Hertelendy v. Montgomery Cty.,* 245 Md. 554, 226 A. 2d 672 (1967)."

The appellants have averred in their answer to the motion to dismiss the appeal, that each of the appellants wrote to the then President of the County Council, protesting the Hanson zoning application. We have thoroughly examined the entire record. The letters to the Council president are not part thereof, nor is there an inference, expressed or implied, of the existence of the letters. Additionally, neither appellant appeared at the hearing conducted by the examiner, and the record does not indicate that either of them appeared before the Council when that body acted

upon the application. Furthermore, the appellants did not appear as parties in the Circuit Court. In short, the record does not show that the appellants have ever been parties to this proceeding except in this Court.

We reiterate what Judge Barnes said in *Bryniarski*, and what we repeated in *Largo*, *viz.*, that in order to be an aggrieved party to the proceeding, the record must show that the litigant was in fact, a party. Bald allegations, in answer to a motion to dismiss an appeal, of the existence of a letter of protest addressed to the County Council president do not satisfy the *Bryniarski-Largo* requirements.

We declare that in order to have standing in a zoning case before this Court, the record must disclose that the party not only participated, as in *Bryniarski* and *Largo*, before the administrative agency or County Council, but must have also been a party before the Circuit Court. A person may not be a party before the agency or legislative body, disappear from the case while it is before the Circuit Court, and then reemerge in the appellate tribunal.

Appellants contend, however, that the Harford County Charter confers upon them the right to appeal to this Court. They point to § 709 of the Charter, which provides:

> "Any person aggrieved by any final decision in a zoning case shall have the right to appeal that decision to the Circuit Court for Harford County and shall have the *further* right to appeal to the Court of Appeals of Maryland [sic]. The words 'person aggrieved' shall be liberally construed to substantially broaden that class of persons, and shall be interpreted to effectuate the general purposes of this Article." (Emphasis supplied.)

Appellants construe Md. Ann. Code art. 66B, § 4.01 (b) which allows a county legislative body to:

> " . . . impose such additional restrictions, conditions, or limitations as may be deemed appropriate to preserve, improve, or protect the general character and design of the lands and improvements being zoned or rezoned. . . . "

as conferring upon the County Council the authority to expand upon the right of appeal to this Court. We do not read § 709 of the Harford County Charter or § 4.01 (b) of article 66B of the Md. Ann. Code, either separately or together, to so provide. We observe that the above-quoted Charter provision states in pertinent part:

> "Any person aggrieved by any final decision . . . shall have a right to appeal . . . to the Circuit Court . . . and shall have the *further* right of appeal [to the Court of Special Appeals of Maryland]." (Emphasis supplied).

The word *further* is defined to mean: "In addition; furthermore." *American Heritage Dictionary of the English Language* (1969). The word *further* as used in § 709 of the Charter means one may appeal to this Court in addition to the right of appeal to the Circuit Court. In order for an appeal to this Court to be in addition to or in furtherance of the appeal to the Circuit Court, there of necessity must first have been an appeal to the Circuit Court, and the appellant must have been a party to that appeal. Even if we assume *arguendo* that the County Council has the authority to enlarge upon who may appeal to this Court, nowhere in § 709 of the Charter, nor in Md. Ann. Code art. 66B, § 4.01 (b) is it indicated, suggested, implied or even remotely intimated that a non-party before the Circuit Court may appeal a decision of that court. The appellants have no standing in this appeal, and the appellee's motion to dismiss the appeal must be granted.

One last word is in order. Appellants in an endeavor to "snatch victory from the jaws of defeat", argue that inasmuch as the appellee hád filed a motion to dismiss pursuant to Md. Rule 1035 b (1), and we denied the motion as having been untimely filed, Md. Rule 1036 c, that the appellee is precluded from incorporating within his brief a motion to dismiss because the matter is now *res judicata.* Appellants misread the Rules. Md. Rule 1036 c allows a motion to dismiss to be filed within ten days from the date in which the record is filed with this Court, "or within ten

days from the date the record should have been filed with this Court." Md. Rule 1036 d, however, allows a motion to dismiss to be included in the appellee's brief. The fact that a motion is brought under Md. Rule 1036 c, which motion is defective in that it was not timely filed, does not preclude an appellee from properly including in his brief a motion to dismiss. The appellant's argument relative to *res judicata*, while novel, is totally devoid of merit.

*Appeal dismissed.*
*Costs to be paid by appellants.*