■ In the Matter of the Estate of GUS A. LACKAS, Deceased. ANN GARANES, Appellant; PETER T. KOURIDES et al., Respondents.—Appeal from an order of the Surrogate's Court, Queens County, dated August 25, 1977, which, inter alia, dismissed appellant's petition to restrain the executors of the estate of Gus A. Lackas from distributing any assets of the estate pending determination of her claims to said assets. Matter remitted to the Surrogate's Court, Queens County, to hear and report on appellant's claim of prejudice resulting from her representation by a nonattorney. Distribution of estate assets is stayed and the appeal is held in abeyance in the interim. Appellant was represented by one Albert Silver in a proceeding brought by the committee of appellant's incompetent uncle, now deceased, in the Supreme Court, New York County, to determine the ownership of certain assets. Neither at the time of such proceeding, nor during any of the numerous appeals arising therefrom was Silver duly authorized to practice law in this State or in any other jurisdiction. More than five years after the proceeding, appellant learned of Silver's masquerade. She then made the instant application to stay distribution of the assets of the estate of her uncle, who had since died. Appellant alleged that she had lost at every step of the litigation because she had not received adequate representation and, in addition, alleged that all proceedings in which Silver represented her were rendered nugatory and void by reason of his deception. We hold that representation in a civil action by a person not admitted to practice law does not per se void all proceedings in the action (cf. Dunn v Eickhoff, 43 AD2d 580, affd 35 NY2d 698). What is required in such an instance is an in-depth review of the entire record in order to determine the adequacy of the representation (cf. People v Felder, 61 AD2d 309). Therefore, the instant matter must be remitted to the Surrogate's Court, Queens County, for a hearing on the issue of prejudice to appellant inasmuch as it is unclear from the record whether, or to what extent, the Surrogate considered the nature of the representation in reaching his determination. Martuscello, Rabin and Gulotta, JJ., concur; Mollen, P. J., concurs in the result on constraint of People v Felder (61 AD2d·309).