MARY ELIZABETH GINN ET AL. *v.* JOHN A. FARLEY
ET AL.

[No. 1407, September Term, 1978.]

*Decided July 16, 1979.*

The cause was argued before GILBERT, C. J., and MORTON, J., and SAMUEL W. BARRICK, Associate Judge of the Sixth Judicial Circuit, specially assigned.

John H. Engel for one of the appellants pro se.

*T. Bruce Hanley,* with whom were *Ridgely & Hanley* on the brief, for appellees.

GILBERT, C. J., delivered the opinion of the Court.

If, as Alexander Pope [1] wrote, "a little learning is a dangerous thing," [2] then a little learning in law is particularly perilous.

This appeal, from an affirmance by the Circuit Court for Baltimore County of a zoning board decision, reaches us in an unusual posture. One of the appellants, Mary Elizabeth Ginn, is admittedly not an attorney, nor is she an aggrieved party. Yet, she authored the appellants' brief and appears on the record as one of the appellants.

We shall deal first with Ms. Ginn as a party appellant.

The Court of Appeals, in *Bryniarski v. Montgomery County,* 247 Md. 137, 230 A. 2d 289 (1967), articulated a binomial test which must be met before a person may appeal, in a chartered county, from an administrative zoning board decision to the circuit court. The party appealing must have been a party before the administrative body and must be aggrieved by the decision. *See also Slusher v. Hanson Road Joint Venture,* 25 Md. App. 356, 333 A. 2d 631 (1975), *cert. denied,* 275 Md. 755 (1975); *Largo Civic Association v. Prince George's County,* 21 Md. App. 76, 318 A. 2d 834 (1974).

There is usually no difficulty in ascertaining whether a person was a party before the zoning authority inasmuch as

---

1. In his "Essay on Criticism." Part II 1. 15.
2. George Bernard Shaw (1856-1950) expressed it: "Beware of false knowledge; it is more dangerous than ignorance."

the record generally reveals that fact.[3] Ms. Ginn appeared before the County Board of Appeals where she testified, "I am not an aggrieved party. I am just here representing the neighborhood, and this property is within the neighborhood complex." Later, in response to a question by the Board's chairman, Ms. Ginn replied, "I am not aggrieved, not in the sense that the Court allows aggrievement." [4] Thus, the record makes unmistakable that Ms. Ginn satisfied the first prong of *Bryniarski*, appearance, but, at the same time, failed to meet the second prong, aggrievement. By her own admission she was not an aggrieved party within the meaning of the law; she possessed no right to appeal to the circuit court.[5] *Bryniarski v. Montgomery County, supra; Jahnigen v. Staley,* 245 Md. 130, 135, 225 A. 2d 277, 280 (1967); *Alvey v. Hedin,* 243 Md. 334, 339, 221 A. 2d 62, 64 (1966); *DuBay v. Crane,* 240 Md. 180, 185, 213 A. 2d 487, 489-90 (1965); *Slusher v. Hanson Road Joint Venture, supra; Largo Civic Association v. Prince George's County, supra.*

The matter of Ms. Ginn's standing in the circuit court appears from the record to have been raised but not decided. In the trial court Ms. Ginn felt that she had standing, largely, we infer, because she was the designated spokesperson for the other appellants whose standing was not disputed. Moreover, Ms. Ginn was of the view that Md. Ann. Code art. 10, § 1 permitted her to represent the other appellants because she was not "performing the functions of an attorney for pay or reward either directly or indirectly." [6]

3. *See* Largo Civic Assn. v. Prince George's Co., 21 Md. App. at 81, wherein we suggested that in order to simplify the issue of whether an individual was a proper party, a "sign-in-sheet" or list of the names of those in attendance be made by the agency and included as part of the record.

4. An "aggrieved party" is one whose property right or specific interest is affected by a zoning or rezoning decision in a way that is different from that suffered by the public generally. Jahnigen v. Staley, 245 Md. 130, 135, 225 A. 2d 277, 280 (1967); Alvey v. Hedin, 243 Md. 334, 339, 221 A. 2d 62, 64 (1966); DuBay v. Crane, 240 Md. 180, 185, 213 A. 2d 487, 489-90 (1965).

5. Baltimore County Charter, § 604 provides that an "aggrieved" person may appeal to the "circuit court of [*sic*] Baltimore County, which shall have power to affirm the decision of the board, or, if such decision is not in accordance with law, to modify or reverse such decision, with or without remanding the case for rehearing. . . ."

6. Md. Ann. Code art. 10, § 1 provides as follows:

"A person, except as provided in §14A of Article 27 of the

Although Judge DeWaters did not address the issue of Ms. Ginn's standing, we have no hesitancy in holding that Ms. Ginn was not an "aggrieved party" within the meaning of Maryland law: she was not properly before the circuit court; and she should not have been heard. It follows from what we have said that the appeal, with respect to Ms. Ginn, should have been dismissed by the circuit court. We now *sua sponte* dismiss it on the basis of lack of standing on the part of Ms. Ginn to maintain the appeal.

Prior to oral argument, the Clerk of this Court, at the Court's direction, notified Ms. Ginn that it would not allow her to appear and argue on behalf of the other appellants. While she disagreed with the Court's position, she, nevertheless, did not argue the case. One of the other appellants, John H. Engel, argued *pro se.*

The difficulty facing us is that the other appellants are aggrieved parties and did properly note an appeal, but the brief filed on their behalf is not by counsel or by any of them *pro se.* Rather, it has been filed by Ms. Ginn as "Appellant and Spokesman for the Appellants." As we see it, Ms. Ginn's protestations to the contrary, what she did in this case constitutes the practice of law in violation of Md. Annotated Code art. 10.[7]

This Court, in *Lukas v. Bar Association of Montgomery County,* 35 Md. App. 442, 371 A. 2d 669, *cert. denied,* 280 Md. 733 (1977), referred to *Public Service Commission v. Hahn Transportation, Inc.,* 253 Md. 571, 253 A. 2d 845 (1969) and said "what constitutes the practice of law is for the courts to determine." 35 Md. App. at 447. We further stated, "The power to regulate and define what constitutes the practice of law is vested solely in the judicial branch of government and not the executive nor the legislative." 35 Md. App. at 447.

Annotated Code, may not practice the profession or perform the services of an attorney-at-law within this State without being admitted to the bar as hereinafter directed; and any person who shall give legal advice, represent any person in the trial of any case at law or in equity ... for pay or reward shall be deemed an attorney-at-law for purposes of this article."

**7.** The Attorney General, any organized bar association of this State, or bar counsel may maintain an action to enjoin the unauthorized practice of law. Md. Ann. Code art. 10, §§ 26A (a) and (b). *See also* Lukas v. Bar Ass'n, 35 Md. App. 442, 371 A. 2d 669, *cert. denied,* 280 Md. 733 (1977).

It is hard to conceive that one would prepare the necessary appeal notice from the County Board, prepare a ten (10) page memorandum of law, complete with statutory and case citations, argue the case before the circuit court, note an appeal to this Court, prepare the necessary brief and record extract, complete with citations to prior decisions, and at the same time assert that they are not practicing law. Obviously, Ms. Ginn is of the erroneous belief that because she has not and will not receive "pay or reward either directly or indirectly" she is outside the ambit of the prohibition against lay persons practicing law. If the lack of payment or reward is the determining factor, then she could, based on her reasoning, perform brain surgery without compensation and successfully contend that she was not practicing medicine. As we see it, Ms. Ginn has transgressed the line between spokesperson and advocate, confidant and counsel, aider and attorney. Her appeal is dismissed.[8]

We shall treat all other appellants, except Mr. Engel, as having submitted on the brief. Engel, as we have said, appeared and argued the case in his own behalf.

The record discloses that following the appellees'[9] purchase of a property located at the northwest corner of Alleghany and Central Avenues in Towson, Baltimore County, Maryland, the County Council reclassified the area to that of a higher density, namely, DR. 16. An office use is permitted in such a zone by Special Exception. The appellees petitioned the Zoning Commissioner for Baltimore County for a "Special Exception and Area Variance" to permit office use. The area variance was requested because the structure located on the property violated the existing front and side yard setback requirements. The Zoning Commissioner granted the petition, subject to certain conditions. An appeal was taken to the County Board of Appeals.

At that hearing, a registered professional engineer

---

8. It might be argued that we should dismiss the appeal as to all appellants because the brief was written in their behalf by Ms. Ginn. We know of no rule of law or procedure that requires such action, nor shall we impose it even if it does exist.

9. John A. Farley, Jr., Esq. and John T. Coady, Esq.

testified that in his opinion the requested use would not be detrimental to the health, safety, or general welfare of the locality involved. The engineer foresaw no difficulty with traffic congestion nor overcrowding. Indeed, he believed that the granting of the sought-after use would lessen the burden that then existed. He founded his opinion on the fact that the property would be changed from three apartments to an office with one apartment. The witness did not perceive any violation of the letter or spirit of Baltimore County Zoning Regulations § 307.[10]

An architect testified that in his opinion the office use would not offend the public safety, health, and general welfare, nor would it cause traffic congestion or create fire hazards. Similar testimony was produced by other witnesses called in behalf of the appellees.

The gist of the appellants' testimony was that they did not want to see any variance or exception granted. They felt that if the exception were to be granted it would be the beginning of a change in the whole block, and that traffic congestion would develop. The Board granted the appellees' petition subject to five (5) restrictions.[11] The circuit court affirmed.

---

10. Baltimore County Zoning Regulations § 307 provides:

"The Zoning Commissioner of Baltimore County and the County Board of Appeals, upon appeal, shall have and they are hereby given the power to grant variances from height and area regulations, from offstreet parking regulations and from sign regulations, only in cases where strict compliance with the Zoning Regulations for Baltimore County would result in practical difficulty or unreasonable hardship. No increase in residential density beyond that otherwise allowable by the Zoning Regulations shall be permitted as a result of any such grant of a variance from height or area regulations. Furthermore, any such variance shall be granted only if in strict harmony with the spirit and intent of said height, area, offstreet parking, or sign regulations, and only in such manner as to grant relief without substantial injury to public health, safety, and general welfare. They shall have no power to grant any other variances. Before granting any variance, the Zoning Commissioner shall require public notice to be given and shall hold a public hearing upon any application for a variance in the same manner as in the case of a petition for reclassification. Any order by the Zoning Commissioner or the County Board of Appeals granting a variance shall contain a finding of fact setting forth and specifying the reason or reasons for making such variance."

11. The five (5) restrictions embodied in the Board's order are:

"(1) That no parking area shall extend beyond the building line

In this Court the appellants argue:

"I. The Board ... rendered its opinion without the legally required showing of proof of practical difficulty or unreasonable hardship by the Appellees.

II. The Board ... rendered its opinion without regard to the spirit and intent of the zoning regulations for Baltimore County.

III. The Board ... committed major procedural error by permitting the appellees to introduce new evidence after the appellees had closed their case and after the appellants had closed their case.

IV. The Circuit Court committed error in holding that the evidence presented before the Board ... was sufficient for them [the members of the Board] to rule in favor of a special exception."

We read the appellants first and second issues to be but one and that is that the evidence before the Board was insufficient to sustain its findings. There is no need to enter into a prolonged discourse in which we summarize the evidence. The testimony of the professional engineer was sufficient for the Board to rule as it did. All that is required by courts in reviewing a Board's determination is that the Board's decision be based on fairly debatable evidence. *Gowl v. Atlantic Richfield Co.,* 27 Md. App. 410, 341 A. 2d 832 (1975). The testimony of the engineer, by itself, was sufficient to

---

of the front of the main structure of the subject property (excluding the porch);

(2) That access to the parking area shall be from the alley to the rear of the subject property; that there shall be no vehicular ingress and/or egress to the subject property from Allegheny Avenue;

(3) That there shall be no enlargement of the existing front porch (facing Allegheny Avenue), and any enclosure of said porch shall be limited to one (1) story in height;

(4) The approval of the site plan by the Office of Planning and Zoning;

(5) Subject to full compliance with the Baltimore County Executive Order of December 1, 1974 implementing a storm water management program, as required by the provisions of the Interim Development Control Act."

trigger the "fairly debatable" standard. It is not the function of the courts to retry or second guess the Board. When there is fairly debatable evidence the courts must refrain from substituting their judgment for that of the Board. *Commissioner, Baltimore City Police Department v. Cason,* 34 Md. App. 487, 368 A. 2d 1067 (1977); *Gowl v. Atlantic Richfield Co., supra; Von Lusch v. Board of County Commissioners of Queen Anne's County,* 24 Md. App. 383, 330 A. 2d 738 (1975).

We agree with Judge DeWaters that the evidence was sufficient to entitle the Board to grant a variance and exception.

After the parties had seemingly closed their presentations of evidence, Mr. Coady was recalled by the appellees for "redirect examination." An objection to his testimony was sustained. Nevertheless, he continued to answer without further objection the questions put to him by his counsel and was cross-examined by Ms. Ginn. The latter was recalled by the protestants and her testimony was received. Appellants complain that the Board erred in receiving evidence from Coady after the testimony had been closed.

A zoning board, along with other administrative agencies, is generally not bound by the technical rules of evidence although it must observe fundamental fairness in dealing with the parties who appear before it. *Fairchild Hiller Corp. v. Supervisor of Assessments,* 267 Md. 519, 298 A. 2d 148 (1973); *Dal Maso v. Board of County Commissioners of Prince George's County,* 238 Md. 333, 209 A. 2d 62 (1964); Md. Annotated Code art. 41, § 252. The appellants, in the instant case, objected to two of the questions asked Mr. Coady. They did so on the basis of the evidence's having been closed. Both times they objected their objections were sustained. What appellants did not do was to continue to object to the subsequent questions. Thus, the answers to those questions were admitted into evidence and, inferentially, considered by the Board. The initiative in excluding answers to improper questions rests upon the shoulders of the opposing party. If the opponent fails to object, he will not later be heard to complain that the evidence should not have been admitted.

*Baltimore & Ohio R.R. v. Black,* 107 Md. 642, 658, 69 A. 439 (1908); 1 *Wigmore on Evidence* § 18 (3d ed. 1940). The failure to object to the questions as propounded constitutes a waiver. *State Roads Commission v. Bare,* 220 Md. 91, 151 A. 2d 154 (1959). *See also Sutton v. State,* 25 Md. App. 309, 334 A. 2d 126 (1975). Inasmuch as there were no objections to the questions that the appellants now find objectionable, the objections were waived and the Board did not err in considering the answers to those questions. The Board, in an apparent attempt to be fair, allowed the appellants to reopen appellants' case and offer additional testimony. Even if the matter of waiver were not present, we would, under the circumstances, be hard pressed to hold that the Board denied appellants fundamental fairness.

We have said the Board had before it sufficient evidence to support its findings. It follows then that the circuit court did not err in affirming the Board.

> *Appeal as to Mary Elizabeth Ginn dismissed.*
> *Judgment affirmed.*
> *Costs to be paid by appellants.*