■ In the Matter of JENKINS COVINGTON, N. Y., INC., et al.,

Petitioners, v TAX APPEALS TRIBUNAL et al., Respondents. (Proceeding No. 1.) In the Matter of JENKINS COVINGTON, N. Y., INC., et al., Appellants, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. (Proceeding No. 2.) [600 NYS2d 281] —Mercure, J. (1) Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioners' motion to vacate a prior determination, and (2) appeal from a judgment of the Supreme Court (Canfield, J.), entered March 10, 1992 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for lack of subject matter jurisdiction.

In July 1982, respondent Department of Taxation and Finance issued notices of determination to petitioners, a corporation engaged in the production of television commercials and its president, seeking payment of past due sales and use taxes and interest totaling approximately $1.3 million. At a hearing before the State Tax Commission conducted in July 1986, petitioners were represented by Harvey Sanders of the accounting firm of Barash, Goodfriend & Friedman. Although not then known, it is now undisputed that Sanders is not a certified public accountant, a licensed public accountant or otherwise eligible to practice before the State Tax Commission or respondent Tax Appeals Tribunal (hereinafter the Tribunal). At the conclusion of the hearing, the Administrative Law Judge (hereinafter ALJ) left the record open to permit Sanders to submit additional evidence in support of petitioners' claim that their out-of-State transactions were not subject to New York sales and use taxation. In October 1986, Sanders submitted additional documentation with respect to 82 of petitioners' accounts and, based upon that submission, the ALJ rendered a final determination in September 1987 finding that petitioners were entitled to exemption with respect to 41 of them. Upon petitioners' subsequent appeal, when they were again represented by Sanders, the Tribunal rendered an August 25, 1988 decision affirming the determination of the ALJ.

In January 1991, petitioners applied to the Tribunal for vacatur of its August 25, 1988 decision upon the ground that Sanders' ineligibility to practice before the State Tax Commission and the Tribunal, which petitioners allegedly first discovered in June 1990, rendered the prior proceeding a nullity. On November 21, 1991, the Tribunal denied the application upon the ground, *inter alia,* that its August 25, 1988 decision finally

and irrevocably decided the matter and could not be reopened, as relevant to this proceeding, in the absence of "important, newly discovered evidence which due diligence would not have uncovered in time to be used at the previous hearing". In December 1991, petitioners commenced a CPLR article 78 proceeding in Supreme Court (Proceeding No. 2) to challenge the ALJ determination and the 1988 Tribunal determination. Supreme Court granted judgment dismissing the petition as time barred and for lack of subject matter jurisdiction, and petitioners appeal. In March 1992, petitioners commenced a CPLR article 78 proceeding in this Court (Proceeding No. 1) pursuant to Tax Law § 2016 to challenge the Tribunal's 1991 determination denying petitioners' application for vacatur of the 1988 Tribunal determination.

Turning to Proceeding No. 1, we first note that the substantive question of whether the 1987 ALJ and 1988 Tribunal determinations should be vacated because of Sanders' lack of qualification, eligibility or professional competence is not before us. To the contrary, our sole inquiry is whether the 1991 Tribunal determination denying petitioners' application to reopen the proceedings is irrational. We respond in the negative and accordingly dismiss the petition. First, we reject the contention that Sanders' representation rendered the proceedings before the ALJ and Tribunal void as a matter of law *(see, Dunn v Eickhoff,* 35 NY2d 698, 699; *Matter of Board of Assessors v Hammer,* 181 AD2d 885).

Second, although there is authority to reopen proceedings upon a timely demonstration of prejudice as a result of representation by an ineligible practitioner *(see, e.g., Dunn v Eickhoff, supra; People v Jackson,* 163 AD2d 489, *lv denied* 76 NY2d 1022), in view of petitioners' failure to seek reopening prior to final determination of the administrative appeal (or, for that matter, for more than two years thereafter), the Tribunal's conclusion that petitioners' showing was insufficient is by no means irrational. We agree with the Tribunal's conclusion that the application to reopen is subject to a "due diligence" standard *(see, Matter of Evans v Monaghan,* 306 NY 312, 326; *Matter of Gagliardi v Department of Motor Vehicles,* 144 AD2d 882, *lv denied* 74 NY2d 606; *cf.,* CPLR 5015 [a]) and are similarly unpersuaded that petitioners had no means of "discovering" the fact of Sanders' ineligibility and allegedly incompetent representation prior to June 1990. Nor are we persuaded by petitioners' reliance upon *Matter of Lackas* (65 AD2d 800), which did not involve an administrative agency and, thus, did not bring into play the principle of finality of

administrative determinations (see, Matter of Preston v Coughlin, 164 AD2d 101), or the November 17, 1988 decision of the Tribunal in Matter of Coliseum Palace, where the claim of representation by an ineligible practitioner was raised on appeal to the Tribunal and, thus, prior to a final administrative determination. Although not necessary for our determination, it is our further view that petitioner has failed to make an adequate showing that a certified public accountant would have brought about a more favorable result.

Finally, there should be an affirmance of Supreme Court's judgment dismissing Proceeding No. 2. A Tribunal determination may be challenged only by a CPLR article 78 proceeding commenced in this Court (see, Tax Law § 2016) within four months of the date when the determination became final (see, CPLR 217 [1]).

Weiss, P. J., Mikoll, Yesawich Jr. and Levine, JJ., concur. Adjudged that the petition is dismissed, without costs, in Proceeding No. 1. Ordered that the judgment is affirmed, without costs, in Proceeding No. 2.