666 A.2d 904

TURKEY POINT PROPERTY OWNERS' ASSOCIATION, INC.

v.

Mildred P. ANDERSON, et al.

No. 2064, Sept. Term, 1994.

Court of Special Appeals of Maryland.

Decided Nov. 2, 1995.

Thomas J. Wohlgemuth, Annapolis, MD, for Appellant.

Anthony F. Christhilf, Annapolis, MD, for Appellees.

Argued before FISCHER and HOLLANDER, JJ., ROSALYN B. BELL, Judge, (retired), Specially Assigned.

ROSALYN B. BELL, Judge, Specially Assigned.

The appellant and cross-appellee is the Turkey Point Property Owners' Association, Inc. ("the Association"). The appellees and cross-appellants, Mildred P. Anderson and John C. Hoffman ("the appellees"), own 1.39 acres of waterfront property on Turkey Point in Edgewater. In 1993, the County Board of Appeals of Anne Arundel County granted the appellees' request to rezone .74 acres of their property from Open Space to Residential. The Board also granted a variance allowing construction within a 100–foot critical area buffer.

The Association petitioned the Circuit Court for Anne Arundel County for review of the rezoning and the granting of the variance, and the circuit court affirmed. The Association now seeks reversal by this Court. It argues, in essence, that

—the evidence before the Board of Appeals failed to establish the prerequisites for rezoning the .74 acre portion of the property,

—the evidence before the Board of Appeals failed to establish the prerequisites for granting the variance and, in any event, the variance granted was excessive, and

—construction of a residence on the property would violate restrictive covenants.

In their cross-appeal, the appellees contend that this Court need not reach the Association's arguments because

—the Association was not represented in the trial court by an attorney admitted to practice law in Maryland, and —the Association did not have standing to appeal the Board of Appeals decision.

We find merit in the first argument made by the appellees in their cross-appeal, and so we vacate the judgment of the trial court and remand the case to that court with instructions to dismiss. We need not address the other contentions.

█ The Association is a Maryland corporation. Maryland Rule 2–131(a), which concerns civil procedure in the circuit court, directs: "Except as otherwise provided by rule or statute: (1) an individual may enter an appearance by an attorney or in proper person and (2) *a person other than an individual may enter an appearance only by an attorney.*" (Emphasis added.) A corporation is considered a "person" for the purposes of the rule. *See* Rule 1–202(q). The attorney representing the corporation must, of course, be admitted to practice law in Maryland. *See* Md.Code (1989, 1995 Repl.Vol.) §§ 10–206(a) and 10–601(a) of the Business Occupations and Professions Article. Rule 1–311(a) directs: "Every pleading and paper of a party represented by an attorney shall be signed by at least one attorney who has been admitted to practice law in this State...." [1]

The Association was represented by counsel in the administrative proceedings that preceded the filing of the petition for judicial review in the trial court. The petition for review, however, was signed by the Association's president, Brenda DeLalla. Presumably, Ms. DeLalla also signed and filed the supporting memorandum required by Md.Rule 7–207(a). [2] In their answering memorandum, the appellees pointed out that

---

1. Under Rule 1–311(c), "[i]f a pleading or paper is not signed as required ... or is signed with intent to defeat the purpose of this Rule, it may be stricken and the action may proceed as though the pleading had not been filed."

2. Neither the Association's memorandum nor the appellees' response to the petition is included in the record extract.

Ms. DeLalla is a lay person. They urged the trial court to strike the petition and noted: "Additionally, since any subsequent Petition for Judicial Review which might be filed by counsel on behalf of the Petitioner will be beyond the 30 day period established by Rule 7–203, it cannot be timely filed and this appeal should be dismissed with prejudice."

The issue was argued at the start of the hearing on the petition. Unfortunately, much of the discussion was not recorded. The court reporter noted at the beginning of the transcript that "[t]he Court began the case without the presence of the court reporter and court clerk...." It is apparent, however, that Ms. DeLalla appeared on behalf of the Association and the appellees lodged an objection. At the beginning of the transcript, Ms. DeLalla informed the court that a member of the Association's board of directors, John Earman, was in the courtroom. Ms. DeLalla explained that Mr. Earman, a retired "political activity prosecutor" for the federal government, was a current member of the District of Columbia Bar and was willing to assist her in representing the Association. The following then transpired:

COURT [to Mr. Earman]: ... And you have talked with your residents and you've talked with your President regarding this matter?

MR. EARMAN: Yes, I have, sir.

COURT: Have they consulted you about legal matters pertaining thereto?

MR. EARMAN: Well, only—

COURT: Do you feel qualified to provide advice on these types of matters?

MR. EARMAN: Yes, I do.

COURT [to Ms. DeLalla]: Do you want me to bite the bullet and go forward with this case?

MS. DeLALLA: I would like you to bite the bullet and go forward, yes sir. I would like to ferret out the facts and truth in this case.

COURT: That would be nice. Mr. Christhilf [ (defense counsel) ], I am going to go forward.

The record shows no further participation in the proceedings by Mr. Earman. In any event, Mr. Earman was not a member of the Maryland Bar and did not enter his appearance in the case. It is irrelevant that he was available to assist Ms. DeLalla. *See generally* Rule 14 of the Rules Governing Admission to the Bar of Maryland (concerning special admission of out-of-state attorneys).

■ There is no dispute that, by filing the petition for judicial review, then representing the Association in the trial court, Ms. DeLalla engaged in the practice of law. *See Ginn v. Farley,* 43 Md.App. 229, 232–33, 403 A.2d 858, *cert. denied sub nom. Engel v. Farley,* 286 Md. 747 (1979) (a lay person, who was not aggrieved but who purported to represent herself and several aggrieved persons in a zoning case, unlawfully engaged in the practice of law as to the other persons when she prepared a petition for judicial review and a supporting memorandum, then argued the case in the circuit court). *See generally In re Application of Mark W.,* 303 Md. 1, 6–8, 491 A.2d 576 (1985) (refusing to adopt a precise definition of "practice of law," and indicating that each case should be decided on its own facts); *Lukas v. Bar Ass'n of Montgomery County, Maryland, Inc.,* 35 Md.App. 442, 444, 371 A.2d 669, *cert. denied,* 280 Md. 733 (1977) (indicating that a person practices law when, *inter alia,* he or she "appears for clients before public tribunals to whom is committed the function of determining rights of life, liberty, and property according to the law of the land, in order that he may assist the deciding official in the proper interpretation and enforcement of the law" (quoting *Shortz v. Farrell,* 327 Pa. 81, 193 A. 20, 21 (1937)). The requirement of Rule 2–131(a)(2) that corporations be represented in the circuit court by attorneys reflects a long history of legislation prohibiting lay persons from practicing law except in those situations in which they are acting *pro se.*

With 1831 Laws of Maryland, ch. 268, the General Assembly enacted its first "act regulating the admission of Attorneys to practice law in the several Courts of this state." In 1860, the

General Assembly enacted a statute that specifically stated, "No attorney or other person shall practice the law in any of the courts of this State without being admitted thereto as herein directed." Maryland Code Public General Laws, art. XI, § 1 (Scott & McCullough 1860). This provision was moved, in 1888, to article X,[3] § 1 of the Code where it remained, albeit with multiple amendments not significant to this discussion, until 1989. 1 Public General Laws of Maryland, art. X, § 1 (1888).

In 1989, article 10, § 1 was repealed and reenacted, in substantive part, as §§ 10–206 and 10–601 of the Business Occupations and Professions Article. *See* 1989 Laws of Maryland, ch. 3, § 1; ch. 236, § 1; ch. 631, § 2; ch. 632, § 3. Section 10–206(a) provides, in pertinent part:

Except as otherwise provided by law, before an individual may practice law in the State, the individual shall:

(1) be admitted to the Bar; and

(2) meet any requirement that the Court of Appeals may set by rule.[4]

---

**3.** The Legislature eventually substituted Arabic numerals for Roman numerals in identifying the articles of the Code.

**4.** Section 10–206(b) sets forth a variety of exceptions. Most significantly, § 10–206(b)(4)(i), which is derived from former Md.Ann.Code art. 27, § 14A, provides that, with certain qualifications set forth in subsections (ii) and (iii):

This section does not apply to ... an officer of a corporation [or] an employee designated by an officer of a corporation ... while the officer ... or employee is appearing on behalf of the corporation ... in a civil action in the District Court of Maryland if the action:
 1. is based on a claim that does not exceed the amount set under § 4–405 of the Courts Article for a small claim action; and
 2. is not based on an assignment, to the corporation ... of the claim of another.

The exception was created for "the purpose of allowing an officer ... of a corporation to appear or bring suit in the District Court of Maryland on behalf of his corporation in the collection of any commercial account not involving an amount in excess of a certain sum." H.B. 52, Maryland House Journal 1974 at 36, 1974 Laws of Maryland, ch. 700, § 2.

Similarly, § 10–601(a) directs: "Except as otherwise provided by law, a person may not practice, attempt to practice, or offer to practice law in the State unless admitted to the Bar."[5]

 "The goal of the prohibition against unauthorized practice is to protect the public from being preyed upon by those not competent to practice law—from incompetent, unethical, or irresponsible representation." *In re Application of R.G.S.*, 312 Md. 626, 638, 541 A.2d 977 (1988). Nothing in the record before us suggests that Ms. DeLalla, as president of the Association, in any way coerced or tricked the Association into accepting her representation. Nor is there any indication that Ms. DeLalla intended to violate the law. Indeed, her actions were expressly permitted by the trial judge. We are nevertheless convinced that the prohibition against the practice of law by nonlawyers applies to this situation.

 Rule 2–131(a)(2) expressly requires that a corporation be represented by counsel unless otherwise provided by rule or statute. Section 10–206(b)(4) of the Business Occupations and Professions Article allows for representation by corporate officers under certain circumstances, but no such circumstances exist in the instant case. The legislature clearly could have—but did not—create an exception for situations such as this had it so desired. As the long history of legislation prohibiting the practice of law by nonlawyers makes clear, the prohibition is a matter of utmost importance to Maryland lawmakers. Sections 10–206(a) and 10–601(a) employ mandatory language. Section 10–206(a) directs that before an individual may practice law in Maryland, "the individual *shall:* (1) be admitted to the Bar; and (2) meet any requirement that the Court of Appeals may set by rule." (Emphasis added.) The use of the word "shall" in the statute is key: "[O]rdinarily, the word 'shall,' unless the context

---

5. Notably, § 10–606(a)(3) provides that "a person who violates § 10–601 of this subtitle is guilty of a misdemeanor and on conviction is subject to a fine not exceeding $5,000 or imprisonment not exceeding 1 year or both." The first penalty provision for practicing law without authorization was enacted by 1900 Laws of Maryland, ch. 699, § 16A.

within which it is used indicates otherwise, is mandatory when used in a statute, and thus denotes an imperative obligation inconsistent with the idea of discretion." *Bright v. Unsatisfied Claim and Judgment Fund Board,* 275 Md. 165, 169, 338 A.2d 248 (1975). *See also Warsame v. State,* 338 Md. 513, 525–26 n. 6, 659 A.2d 1271 (1995); *Inner Harbor Warehouse, Inc. v. Myers,* 321 Md. 363, 380, 582 A.2d 1244 (1990). Section 10–601(a) mandates that "a person may not practice, attempt to practice, or offer to practice law in the State *unless* admitted to the Bar." (Emphasis added.) Violation of § 10–601(a) is a criminal offense. *See* § 10–606(a)(3). Moreover, the court needs to be able to rely on an advocate's responsibility to act ethically in that advocate's dealings with the court. In the situation presented here, the only responsibility of the advocate was that of a fiduciary obligation to the corporation.

Although Rule 2–131(a)(2) requires that a corporation such as the Association be represented by an attorney in the circuit court, it sets forth no sanction for noncompliance. Rule 2–201, however, provides that "[i]f no consequences are prescribed, the court may compel compliance with the rule or may determine the consequences of the noncompliance in light of the totality of the circumstances." As a general rule in other jurisdictions,

> [p]roceedings in a suit by a person not entitled to practice are a nullity, and if appropriate steps are timely taken the suit may be dismissed.... If the cause has proceeded to judgment, the judgment is void and will be reversed. Furthermore, the acts or steps of the unauthorized practitioner will be disregarded, and the papers and documents which he drafted should be stricken.

7 C.J.S. *Attorney & Client* § 31 at 869 (1980) (footnotes omitted). *See Niklaus v. Abel Construction Company,* 164 Neb. 842, 83 N.W.2d 904 (1957) (the proceedings before the trial court, in which the appellant sued the appellee on behalf of a municipal corporation and lost, were a nullity since the appellant was not qualified to practice law and therefore could not represent the corporation); *Blue v. Illinois,* 223 Ill.App.3d 594, 165 Ill.Dec. 894, 585 N.E.2d 625, *cert. denied,* 145 Ill.2d

637, 173 Ill.Dec. 7, 596 N.E.2d 631 (1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 992, 122 L.Ed.2d 143 (1993) (the proceedings before the trial court, in which the appellant, a nonlawyer father, represented his minor son, were a nullity); *Simmons v. Carter,* 576 N.E.2d 1278 (Ind.App.1991) (a default judgment obtained for the appellee by a nonlawyer representative was a nullity). *But see In re Estate of Lackas,* 65 A.D.2d 800, 410 N.Y.S.2d 307, 308 (1978) (where the appellant claimed that she was prejudiced in an action, in that the person who had represented her had falsely stated that he was an attorney, the court explained: "representation in a civil action by a person not admitted to practice law does not per se void all proceedings in the action[;]" rather, "an in-depth review of the entire record in order to determine the adequacy of the representation" is required). It is acknowledged that "the dismissal of a suit for such a cause is a drastic remedy and may not be required in all cases." . 7 C.J.S. § 31 at 869 (footnote omitted).[6]

▇▇▇ The corporation was required to be represented by an attorney admitted to practice law in Maryland. Ms. DeLalla was a lay person. The trial court therefore erred by accepting the petition for judicial review that Ms. DeLalla prepared and signed, and by permitting her to represent the Association at the hearing on the petition. The totality of the circumstances, including the long history of rules and legislation aimed at preventing the practice of law by nonlawyers, calls for a

---

**6.** In *Ginn,* 43 Md.App. 229, 403 A.2d 858, a nonlawyer unsuccessfully represented herself and several other persons in a zoning case. A proper appeal to this Court was noted, but the nonlawyer representative prepared and signed the brief. This Court dismissed the appeal as to the nonlawyer representative but treated it as having been submitted on brief as to the other persons. We observed that the nonlawyer representative did not have the requisite standing to enable her to act *pro se,* and that, as a nonlawyer, she could not represent other persons. Apparently, we were not called upon to decide—and did not decide— whether the proceedings below should have been considered a nullity. We did note: "It might be argued that we should dismiss the appeal as to all appellants because the brief was written in their behalf by Ms. Ginn. We know of no rule of law or procedure that requires such action, nor shall we impose it even if it does exist." *Id.* at 233 n. 8, 403 A.2d 858.

drastic remedy. We hold that the petition was a nullity, as were the proceedings before the trial court. We therefore vacate the judgment of the trial court and remand the case to that court with instructions to dismiss the Association's petition.

JUDGMENT VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY WITH INSTRUCTIONS TO DISMISS. APPELLANT/CROSS–APPELLEE TO PAY THE COSTS.