5 A.3d 135

**Daniel Hubert ROSS**

v.

**Chandrima CHAKRABARTI, et al.**

**No. 6, Sept. Term, 2009.**

Court of Special Appeals of Maryland.

Sept. 14, 2010.

Daniel H. Ross, pro se, Temple Hills, for Appellant.

George M. Church (Miles & Stockbridge, PC, on the brief) Baltimore, for Appellee.

Panel: DEBORAH S. EYLER, KEHOE and JAMES A. KENNEY, III (Retired, Specially Assigned), JJ.

KENNEY, J.

Daniel Hubert Ross, appellant, filed a *pro se* complaint against GEICO Indemnity Company and two of its employees, Chandrima Chakrabarti, a staff attorney, and Todd Drake, a claims examiner, appellees (collectively, GEICO). He alleged that GEICO "unconstitutionally abridged [his] freedom of expression and association" by directly settling an automobile collision claim with a person whom Ross, although not admitted to the Bar, was attempting to represent as an attorney-in-fact under a power of attorney.[1] The Circuit Court for Prince

---

1. At the circuit court hearing on February 6, 2009, Ross represented to the court that he held "dual degrees .... a Ph.D and a J.D." He would not disclose to the court the institutions from which he received his degrees.

George's County dismissed the complaint for failure to state a claim upon which relief could be granted, ruling that the power of attorney did not preclude GEICO from dealing directly with the claimant and did not permit Ross to perform legal services that amount to the unauthorized practice of law.

In his brief, Ross asserts that this Court "has the power to determine whether preventing non-attorneys from providing information or services under power of attorney serves the public interest." In his view, "a prohibition on power of attorney services does not serve the public interest." To the extent that the issue is before us, we disagree and reject Ross's contention that he has constitutionally protected "rights" under the power of attorney in question to practice law. In sum, and as we explain below, we hold that the circuit court did not err in its determination that Ross's complaint failed to state a claim upon which relief could be granted to appellant against GEICO.

## FACTS AND LEGAL PROCEEDINGS

The circuit court set forth the following summary, which based on our review of the record is an accurate account of the relevant events alleged in Mr. Ross's complaint and accompanying exhibits.

On February 7, 2008, Leroy Skipper granted a power of attorney to Plaintiff Daniel H. Ross. (Compl. ¶ 5.) On March 14, 2008, Plaintiff, who is not authorized to practice law (Compl. ¶ 10.), filed a Complaint on behalf of Skipper in the District Court of Maryland for Prince George's County, Case No. 85222008. (Compl. Ex. J.) That Complaint alleged that Skipper's vehicle was struck by a vehicle operated by Neion T. Gaines on August 18, 2007 causing damages to Skipper's vehicle. (Id. ¶¶ 2–4.) The matter was transferred to the Circuit Court for Prince George's County, Case No. CAL 08–09993. (Compl. Ex. E.)

Plaintiff subsequently filed several pleadings on behalf of Skipper, including motions for sanctions and default. (Compl. ¶ 16.) On July 2, 2008, Defendant Chakrabarti, a

staff attorney for GEICO Indemnity Company, insurer for Neion T. Gaines, filed an Answer to the underlying Complaint. (Compl. Ex. H.) In addition, Defendants alerted the Attorney Grievance Commission of the Maryland Bar that Plaintiff had filed an action in the District Court of Maryland under a Power of Attorney for another individual. (Compl. ¶ 23.) In a letter dated July 10, 2008, Melvin Hirshman, Bar Counsel to the Attorney Grievance Commission of Maryland, wrote to Plaintiff advising him "[t]hat the activity on your part constitutes the unauthorized practice of law." (Compl. Ex. G.) Hirshman warned Plaintiff that there "is also a criminal penalty for one engaged in the unauthorized practice of law." (*Id.*)

On July 15, 2008, the Honorable Albert W. Northrup issued an Order as follows:

> ORDERED, that under Maryland Rule 2–131 Daniel H. Ross appears to have no standing at this time to bring suit on behalf of Leroy Skipper. That Rule states "an individual may enter an appearance by an attorney or in proper person." A person with "power of attorney" is not authorized to represent an individual or file suit on his behalf and sign pleadings on his behalf. The individual may file suit on his own behalf or have a licensed attorney do so on his behalf. Therefore, any motions filed by Daniel Ross are not properly before this court at this time.

(Compl. Ex. B.) On August 1, 2008, Plaintiff and Skipper went to the office of defense counsel, Defendant, and while there, Defendant settled Skipper's claim with Skipper, agreeing to and signing a Notice of Dismissal of the underlying action, which was later filed in this Court on or about August 5, 2008. (Compl. ¶¶ 28, 33.) Plaintiff now files a separate civil action against Defendants alleging a conspiracy to violate his First and Fourteenth Amendment rights to exercise or enjoy powers of attorney.

Mr. Ross's complaint sets forth three claims, all of which are labeled "Conspiracy to Interfere with Constitutional Rights." Although overlapping and repetitive, Ross's griev-

ances essentially arise from GEICO's settlement with Skipper on August 1, 2008, Bar Counsel's admonishment against his unauthorized practice of law, and the circuit court's order applying Maryland Rule 2–131 in declining to consider any pleadings that he filed in the lawsuit he brought on Skipper's behalf.

- In "**CLAIM ONE,**" Ross alleges a conspiracy by GEICO "from approximately March 14, 2008, to approximately August 1, 2008," to deprive him "of his rights to exercise and enjoy powers of attorney," thereby "reduc[ing] Plaintiff to a badge of slavery so that, on purpose, and in effect, his right to exercise and enjoy powers of attorney would be arbitrarily and capriciously denied on account of money and status." As "**OVERT ACTS**" proving this conspiracy, Ross cites GEICO's failure to recognize his right "to settle the principal's claims of damages and losses" and the circuit court's July 15, 2008 order denying him "access to the Maryland Circuit Court on equal terms[.]"

- In "**CLAIM TWO,**" Ross alleges that GEICO complained to the Attorney Grievance Commission in order "to injure, oppress, threaten and intimidate [him] in the free exercise and enjoyment of his powers of attorney," and that by "fail[ing] to repudiate" the circuit court's July 15, 2008 order "denying [him] equal access to the Maryland Circuit Court," GEICO was "acting under color of" Maryland law to "reduce [him] to a badge of slavery by which [GEICO] again demonstrated that this non-barred plaintiff had no powers of attorney's rights which they need respect on August 1, 2008 to settle the principal's claims as pro se agent."

- In "**CLAIM THREE,**" Ross alleges that GEICO "misapplied Maryland Rule 2–131 to discourage and curtail [his] civil rights activities." According to Ross, Rule 2–131, "as construed and misapplied by defendants to the plaintiff," "promotes a pecuniary monopoly that criminalizes freedom of expression and petition in the circuit court," "serves no public interest," violated his First Amendment rights "by unduly inhibiting protected freedom of expression and petition against corporate and governmental intrusion," and

violated his Fourteenth Amendment right to equal protection by barring only "person[s] similarly situated [i.e., any plaintiff acting under powers of attorney] and proscrib[ing] individious discrimination against persons with powers of attorney."

The GEICO defendants filed a joint motion to dismiss Mr. Ross's complaint, or in the alternative for summary judgment, arguing that Mr. Ross failed to state a claim upon which relief can be granted. After a hearing, the circuit court agreed, ruling in a written opinion that "a power of attorney does not authorize a lay person to practice law," that any conspiracy alleged by Ross "does not rise to the level of a political and social expression" that is constitutionally protected, and that he "lacks standing to sue" on the ground that the claimant had "freedom to choose" him as his representative in court. Ross noted this timely appeal challenging the judgment of dismissal.

## DISCUSSION

 If the circuit court's decision that Ross's complaint does not state a claim upon which relief can be granted was legally correct, we must affirm it. *See RRC Northeast, LLC v. BAA Md., Inc.*, 413 Md. 638, 643–44, 994 A.2d 430 (2010). We review the complaint on the basis of its averments and the exhibits referenced in and attached to it. *See id.* Like the circuit court, we must assume the truth of the facts alleged in the complaint, as well as reasonable inferences therefrom, and view such allegations in the light most favorable to Ross, as the party opposing the motion. *See id.* at 643, 994 A.2d 430. Dismissal is appropriate "if the allegations and permissible inferences, if true, would not afford relief to the plaintiff, i.e., the allegations do not state a cause of action for which relief may be granted." *Id.*

 In his brief to this Court, Mr. Ross asserts four arguments stemming from his basic complaint that he was not permitted to act as Mr. Skipper's "attorney."[2] As pleaded in

---

2. Ross presents the following arguments in his brief to this Court:

the complaint, Ross believes that the power of attorney gave him a "right" to act as Skipper's "agent" for all purposes related to his claim arising out of his motor vehicle accident with GEICO's insured, including litigation, and that GEICO's direct settlement of Skipper's claim violated Ross's "right" to perform such "services" under the power of attorney. According to Ross's complaint, GEICO and its two employees engaged in a conspiracy that resulted not only in this wrongful settlement of Skipper's claim, but also in Bar Counsel's warning against his unauthorized practice of law and in the circuit court's refusal to consider any pleadings he filed in the prior lawsuit brought on Skipper's behalf.

In our view, Ross's complaint rests on the factual and legal fallacy that the power of attorney gave him unrestricted exclusive authority to act on Skipper's behalf with respect to matters including "Insurance Transactions" and all "Claims and Litigation." Despite efforts of opposing counsel, Bar Counsel, and the circuit court to explain to Mr. Ross that this power of attorney does not give him the right to dispense legal advice or to appear in court on Mr. Skipper's behalf, Ross either misunderstands or mischaracterizes his "powers" and "rights" under this document.

The power of attorney, *by its own terms,* gave Ross the right to act on Skipper's behalf only *"to the extent that [Skipper was] permitted by law to act through an agent."*

---

**Argument 1:** "The circuit court erred when it accepted all of the allegations in appellant's complaint as true and held that the complaint failed to state a claim upon which relief could be granted against the appellees."

**Argument 2:** "The circuit court erred when it concatenated the activities that occurred between March 2008 through June 2008 with the activities that occurred on August 1, 2008 and concluded that there was insufficient evidence of record to bar summary judgment."

**Argument 3:** "The circuit court erred when it concluded that execution of a power of attorney [clearly delineated] does not convey the [requisite standing] to enable the Principal's agent to act pro se."

**Argument 4:** "The circuit court erred when it failed to address the constitutionality of Maryland Rule 2–131 and disregarded appellees' motive for threatening or causing appellant to be threatened with civil and criminal prosecution."

(Emphasis added.) It is undisputed that the law does not permit Skipper to either file lawsuits or appear in court through an agent who is not authorized to practice law in Maryland. Under Maryland Code, § 10–601(a) of the Business Occupations & Professions Article ("BOP"), "a person may not practice, attempt to practice, or offer to practice law in the State unless admitted to the Bar." [3] And practicing law is defined to include "giving legal advice," "representing another person before a unit of the state government," "preparing ... [a] document that is filed in a court or affects a case that is or may be filed in a court," and "giving advice about a case that is or may be filed in a court[.]" BOP § 10–101(h).

Thus, on the face of Ross's complaint, it is clear that the power of attorney did not give Ross the right to perform legal services such as filing a complaint and pleadings on behalf of Skipper, because Skipper was not "permitted by law to act through an agent" who is not admitted to the Maryland Bar in filing those documents. To the extent that Ross's complaint alleges that GEICO committed various acts that violated his asserted "right" to perform legal services for Skipper under the power of attorney, the circuit court did not err in ruling that he failed to state a claim upon which relief can be granted.

■ We reach the same conclusion regarding Ross's complaint about GEICO's direct settlement of Skipper's claim. By its terms, the power of attorney gave Ross authority *only to "act in [Skipper's] name, place and stead in any way which [he himself] could do, if [he] were personally pres-*

---

**3.** *See also* BOP § 10–206(a)(1) ("before an individual may practice law in the State, the individual shall ... be admitted to the Bar"); BOP § 10–406 (Attorney General or Bar Counsel "may sue to enjoin an unauthorized person from practicing, attempting to practice or offering to practice law"); BOP § 10–103(a) ("the Court of Appeals shall adopt rules that govern the standards and procedures for admission to the Bar"); Md. Rule 2–131(a) (with exceptions not applicable here, "an individual may enter an appearance [only] by an attorney or in proper person"); *In re Kimmer,* 392 Md. 251, 269, 896 A.2d 1006 (2006) ("the Court of Appeals has ... exclusive jurisdiction over the regulation of, and admission to, the practice of law").

*ent[.]"* (Emphasis added.) There is absolutely nothing in that document, in Ross's complaint, or in the law to indicate that Skipper irrevocably abandoned his personal right to act on his own behalf in such matters. *See generally King v. Bankerd,* 303 Md. 98, 105, 492 A.2d 608 (1985) ("a power of attorney is a written document by which one party, as principal, appoints another as agent (attorney in fact) and confers upon the latter the authority to perform certain specified acts or kinds of acts on behalf of the principal"). To the contrary, in his brief Ross "concedes that Mr. Skipper had the right to manage his own affairs on August 1, 2008," the date he settled his claim directly with GEICO.

█ Consequently, to the extent that Ross's complaint alleges that, under the power of attorney, he had a "right" to insist that GEICO deal "exclusively" with him, rather than dealing directly with Skipper, the circuit court did not err in ruling that he failed to state a claim upon which relief can be granted. Alternatively, to the extent that Ross's complaint asserts that Mr. Skipper had a "right" to consult with him in the settlement negotiations, the circuit court did not err in ruling that Ross has no standing to complain about any injury allegedly suffered by Skipper (i.e., he has no right to complain that Skipper's rights were violated).

As explained above, we agree with the circuit court that the power of attorney did not—and could not—convey to Mr. Ross either the right to give Mr. Skipper legal advice, represent Skipper in court, prevent GEICO and its employees from settling directly with Skipper, or pursue a claim that is personal to Skipper. Because Ross has no such rights under the power of attorney, GEICO could not have conspired to violate or interfere with such rights.

In his brief to this Court, Ross does not attempt to shore up the legal or factual foundation for his claim that the power of attorney affords him the constitutionally protected right to represent Skipper. Instead, he asks that we overturn or disregard the longstanding prohibition against the practice of law by a "non-barred" person such as himself because it is not

in the public interest and therefore unconstitutional. Specifically, he posits that the proscription against the unauthorized practice of law violates his " 'liberty interest' to provide information and services," as well as his "right to choose" and his rights to due process, equal protection, free speech, and "petition for a redress of grievances."

When his grievances are reduced to their essence, what Mr. Ross wants is the right to practice law in this State without meeting the educational, examination, and ethical standards established by the General Assembly and the Court of Appeals. The Court of Appeals has recognized that "[t]he goal of the prohibition against unauthorized practice is to protect the public from being preyed upon by those not competent to practice law—from incompetent, unethical, or irresponsible representation." *In re Application of R.G.S.*, 312 Md. 626, 638, 541 A.2d 977 (1988); *see Kennedy v. Bar Ass'n of Montgomery County*, 316 Md. 646, 659, 561 A.2d 200 (1989). *See also Att'y Grievance Comm'n v. Hallmon*, 343 Md. 390, 397, 681 A.2d 510 (1996) (citing this as the reason that lawyers are prohibited from assisting unauthorized persons to practice law). As this Court has explained,

> the long history of legislation prohibiting the practice of law by nonlawyers makes clear [that] the prohibition is a matter of utmost importance to Maryland lawmakers. [BOP] Sections 10–206(a) and 10–601(a) employ mandatory language. Section 10–206(a) directs that before an individual may practice law in Maryland, "the individual *shall:* (1) be admitted to the Bar; and (2) meet any requirement that the Court of Appeals may set by rule." (Emphasis added.) ... Section 10–601(a) mandates that "a person may not practice, attempt to practice, or offer to practice law in the State *unless* admitted to the Bar." (Emphasis added.) Violation of § 10–601(a) is a criminal offense. *See* § 10–606(a)(3). Moreover, the court needs to be able to rely on an advocate's responsibility to act ethically in that advocate's dealings with the court.

*Turkey Point Property Owners' Ass'n v. Anderson*, 106 Md. App. 710, 717–18, 666 A.2d 904 (1995).

■ In the litigation context, it is particularly critical that courts can expect attorneys to conduct themselves with the heightened responsibilities that attend admission to the Bar. "A lawyer, as a member of the legal profession, is a representative of clients, an officer of the legal system and a public citizen having special responsibility for the quality of justice." Md. Lawyers' Rules of Prof. Conduct, Preamble ¶ [1]. Lawyers "should use the law's procedures only for legitimate purposes and not to harass or intimidate others." *Id.,* Preamble ¶ [5]. Therefore, "[a] lawyer shall not bring ... a proceeding, or assert ... an issue therein, unless there is a basis for doing so that is not frivolous[.]" Md. Rule of Prof. Conduct 3.1.

Consistent with these obligations, "[e]very pleading and paper of a party represented by an attorney shall be signed by at least one attorney who has been admitted to practice law in this State[.]" Md. Rule 1–311(a). That signature, in turn,

constitutes a certification that the attorney has read the pleading or paper; that to the best of the attorney's knowledge, information, and belief there is good ground to support it; and that it is not interposed for improper purpose or delay.

Md. Rule 1–311(c). Any pleading "signed with intent to defeat the purpose of this Rule ... may be stricken," and "a wilful violation of this Rule" may be sanctioned by "appropriate disciplinary action" against the attorney. Md. Rule 1–311(c). "Non-barred" advocates like Mr. Ross offer no analogous protection to clients or the judicial system.

Although we credit Ross's allegation that Skipper is dissatisfied with the settlement he accepted from GEICO,[4] the facts alleged in the complaint established that this settlement occurred in the immediate aftermath of Ross's attempt to litigate on Skipper's behalf. To the extent Skipper may have a claim arising out of that settlement, that claim is personal to him and not to Ross. Ross's complaint, on its face, revealed

---

4. In his brief, Ross asserts that "Mr. Skipper is functionally illiterate."

no factual or legal justification for his claims, and the circuit court was legally correct in ruling that it failed to state a claim upon which relief can be granted. We shall therefore affirm the judgment of dismissal.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**